EDWIN G. HAMILTON, Plaintiff in Error, *vs.* SAMUEL D. PITCH-ER, *et al.*, Defendants in Error.

1. *Acknowledgments—Officer de facto—Collateral proceedings.*—An acknowledgment taken before a *de facto* officer is good and sufficient in a collateral proceeding, although there may have been a defect in his commission.

2. *Conveyances to A. and her children—Title of A.*—Where a conveyance was made to M. W. P. and her children, "and to their heirs and assigns forever," *held*, that she and her children *in esse* took as tenants in common, and that she and her husband had power to convey her interest by mortgage. The number of such children could be ascertained, and the maxim would apply. "*Id certum est, quod certum reddi potest.*"

*Error to Clay Circuit Court.*

*Sam'l Hardwick,* for Plaintiff in Error.

I. Mrs. Pitcher acquired a title in fee simple; and if so, that title passed to the plaintiff, of course. (Arthur vs. Weston, 22 Mo., 378; English vs. Beehle, 32 Mo., 186; McDowell vs. Brown, 21 Mo., 57; Clap vs. Draper, 4 Mass., 266.)

*H. Smith,* for Defendants in Error.

I. By the deed from Lard, Mrs. Pitcher acquired an undivided interest equal to that of each of her children *in esse* at the date of Lard's deed. The evidence, as contained in the bill of exceptions, does not show the number of such children, hence does not show Mrs. Pitcher's interest. Plaintiff therefore shows himself entitled to no definite interest, and the Circuit Court is right in finding for defendants.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for an acre of land in the town of Liberty in Clay County in the State of Missouri.

Both parties agreed, that the original title to the land in dispute was in Moses E. Lard.

To sustain the issues on his part, the plaintiff offered in evidence a deed from said Lard and wife "to Margaret W. Pitcher, wife of Samuel D. Pitcher, and her children, of the County of Clay and State of Missouri, of the second part," which conveys the land in dispute to "said party of the second part, and to their heirs and assigns forever." The *haben-*

*dum* is to them, the said party of the second part, "and to their heirs and assigns forever."

The deed was acknowledged before a Notary Public of Clay county, the certificate of acknowledgment being in due form under the notary's seal of office. The defendants objected to the deed, because the notary had not been duly commissioned although acting as notary. This objection was overruled.

The plaintiff then offered in evidence a mortgage deed with power of sale, executed by said Samuel D. Pitcher and his wife, Margaret W. Pitcher, to Alexander J. Calhoun, to secure a debt due from Pitcher to said Calhoun, and also a deed to plaintiff by Calhoun, as mortgagee, foreclosing the mortgage under the power of sale, which appears to have been duly executed and acknowledged.

There was evidence given that the defendants, Samuel D. Pitcher and Margaret W. Pitcher, are husband and wife, and the other defendants are children of Margaret W. Pitcher, some born before, and a part of them after, the date of the deed from Lard.

This was all the evidence. The plaintiff then asked the court to declare the law as follows:

1st. "The court declares the law to be, that the conveyance from Samuel D. Pitcher and wife, being acknowledged before a *de facto* officer, was good and sufficient, although there may have been a defect in his commission."

2nd. "The court declares the law to be, that the conveyance read in evidence shows title to plaintiff in said property in dispute."

The court gave the first, and refused the last declaration. The case having been submitted to the court sitting as a jury, it found the issues for, and gave judgment for, the defendants. A motion for a new trial was filed by plaintiff and overruled, and exceptions duly saved.

In giving the first declaration of law, the court was clearly right. Whether the notary was commissioned or not, could not be inquired into in a collateral proceeding. His official acts as notary were good, notwithstanding he might have usurped the office.

It is not perceived, upon what ground the second declaration asked by the plaintiff was refused. The deed from Lard and wife, to Mrs. Margaret W. Pitcher and her children, was not void, either as to her or her children *in esse* at the time the deed was made. (Arthur vs. Weston, 22 Mo., 378.) She and her children, then in existence, were the grantees, and took as tenants in common; " *id certum est, quod certum reddi potest.*"

Mrs. Margaret W. Pitcher, being a tenant in common with her existing children, had a share in the lot, equal to one of the children. She and her husband had the power to convey her interest by way of mortgage, and it did pass by virtue of the mortgage to Calhoun, and by the sale and conveyance by Calhoun to the plaintiff, Margaret W. Pitcher's undivided interest passed to him.

The plaintiff, being invested with this undivided interest, ought to have been permitted to recover the same. The defendants claim the entire interest, to the exclusion of plaintiff. He is entitled to his undivided interest in the lot.

On this ground the judgment will be reversed and the cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.