## F. H. BAYNE v. W. H. DENNY ET AL.

### Decided June 29, 1899.

**1. Possession After Partition Made.**

After a partition between joint owners of land, possession of a part of the tract set apart to one of them can not be construed as possession of the other tract.

**2. Pleading—Description of Land—Conflict.**

Where the petition in trespass to try title gives a correct description of the land, and then, in undertaking to bound it by stating the names and directions of the adjoining surveys, gives a false description, the latter will be rejected.

**3. Practice—Limitation—Harmless Error.**

The exclusion of deeds offered solely in support of a plea of limitations is harmless error where there was no possession of the land to put the statute of limitation in motion.

**4. Practice on Appeal—Assignment of Error—Statement Required.**

An assignment of error will not be regarded where, in the briefs, there is no statement from the record in support thereof, as required by the rules, and a bare reference to the record for the contents of a bill of exceptions and testimony of a witness will not suffice.

**5. Evidence—Lost Deed.**

Testimony of a witness as to a deed made to himself, which was in his possession and was subsequently lost without having been recorded, is admissible, although his testimony as to the description of the land in the deed may not be sufficient to identify the tract with certainty, there being other evidence on that point.

**6. Charge of Court—Practice—Request.**

The issue being as to whether there was a written contract conveying the land, a charge which referred to the contract as a "transfer or conveyance" was not misleading, and if appellant thought it was, he should have called it to the attention of the court by an appropriate requested instruction.

**7. Deed by Tenant in Common.**

Where a tenant in common has conveyed a specific portion of the land and afterwards he acquires the interests of his cotenants, the deed operates to convey the specific land it describes, instead of an undivided interest.

APPEAL from Houston. Tried below before Hon. W. H. GILL.

*Adams & Adams* and *Aldrich & Lipscomb,* for appellant.

*Nunn & Nunn,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by W. H. Denny against F. H. Bayne for the recovery of an undivided interest of 610 acres in the James Carter one-third of a league, situated in Houston County, which, together with 150 acres alleged to have been conveyed by John S. Martin to Mantooth and Abram, constitute the northeastern half of this one-third league.

The defendant pleaded not guilty, and the statute of three and five years limitations. In a supplemental petition the plaintiff alleged a parol partition of the one-third of a league between J. W. Todd of the one part and John S. Martin and James Avriett of the other, by which Todd got the southwest part and Martin and Avriett the 760 acres involved in this suit; and that Todd and his vendees took possession of the southwest part. Mantooth and Abram intervened in the cause and sued for the recovery of the 150 acres above mentioned, claiming to be tenants in common with plaintiff of the portion set apart to John S. Martin. Bayne excepted to this plea of intervention that it did not sufficiently describe any land, and that no right of possession was alleged, and also answered by plea of not guilty and the three and five years statute of limitation. The court overruled all exceptions, and the cause was tried by a jury and resulted in a verdict and judgment for plaintiff and interveners for the 760 acres of land described in plaintiff's petition. The paper title to the one-third league as it existed in 1879 was shown to be in J. W. Todd for an undivided one-half interest, and John Martin and James Avriett to the other undivided one-half interest; but it was shown that there had been a parol partition of the land between them about that time by

which Martin and Avriett took the northeast portion and Todd the south-west portion. The plaintiff showed title to the Avriett one-half, or an undivided 380 acres, of this northeast portion by conveyance from the heirs of James Avriett, which is not disputed by the defendant. He also showed, by conveyance from Martin, title to 230 acres of the Martin undivided interest, being one-half of the 760 acres, less 150 acres claimed by the interveners, but as to this latter share the defendant disputed the title of the plaintiff, claiming to own the same by conveyance from J. R. Burnett. The title from Burnett was based upon a contract which he claimed to have had with Martin for legal services; such contract was not shown to have been in writing. If in writing, it was never recorded, and could not be found after diligent search. Denny bought from Martin in the year 1895, without notice of any such contract. The interveners claimed under a deed which they sought to establish by parol evidence. Both of them testified that John S. Martin had executed to them, in August, 1890, a deed for 150 acres of land situated in Houston County; that the deed was lost and could not be found after diligent search. They could not remember the name of the original grant of which the land was a part, but testified as to the neighborhood in which the land lay. Other evidence identified the land as a part of the 760 acres in controversy, and the execution and the existence of the deed and the identity of the land was sufficiently shown by competent evidence. The defendant introduced in evidence the contract and power of attorney from J. W. Todd to J. R. Burnett, dated March 7, 1888, and duly recorded, appointing Burnett agent, and giving him power to sell and convey one-third of the league of land situated in Houston County, headright of James Carter, and giving Burnett one-half of his interest; also an unrecorded deed of J. R. Burnett to the defendant, dated February 8, 1890, conveying all of Burnett's interest in the one-third league of land due him by John S. Martin and the heirs of Avriett and J. W. Todd for services as attorney for said parties. Burnett testified as to the existence of a contract with Martin for legal services in a suit for the recovery of the land, and that his interest was one-half of the land recovered.

Upon the question of limitation the possession of the defendant is not clearly shown, but whatever possession he had commenced in 1890, and was only of a part of the Todd half of the one-third league. We infer from the evidence that the possession was of the Hallmark place, which was on an adjoining survey known as the Pevyhouse survey, and extended over the line of the Carter tract, including about a quarter of an acre thereof upon which was situated a little dwelling and a crib and stable. Bayne testified that he had paid taxes upon the land.

1. A partition of the one-third league having been made between the owners thereof in 1879, possession by Bayne of a portion of the tract set apart to J. W. Todd can not be construed as possession of the Martin and Avriett tract. Turner v. Moore, 81 Texas, 206, and authori-

ties cited therein; Faison v. Primm, 34 S. W. Rep., 834. There was therefore no error in the refusal by the court of special instruction number 2 requested by the defendant.

2. There was no error in refusing special instruction number 1 requested by the defendant, for the reason that the land sued for was correctly described in the petition and the evidence as "an undivided interest of 610 acres in and part of the J. Carter one-third of a league of land situated about ten miles south of east of Crockett, in said county of Houston and State of Texas, the said 610 acres, together with 150 acres conveyed by John S. Martin to Mantooth and Abram, being and constituting the northeastern subdivision of said one-third of a league, and the same heretofore owned by D. Avriett and James Avriett and John S. Martin, and the same sold and conveyed by them, the said Avrietts and Martin, to this plaintiff and the said Mantooth and Abram in the quantity respectively as above stated." The petition then undertook to bound the one-third league by giving the names and directions of the adjoining surveys, and in doing so gave a false description, as contended by the defendant, but a correct description as above stated having been given, the false description will be rejected.

3. There was no error in excluding the deeds complained of under the third assignment of error, because, even if they purported to convey the entire one-third league, the only purpose for which they could have been admitted would have been in support of the statute of five years limitation. As we have already seen, there was no possession of the land to put the statute of limitations in operation, consequently the exclusion of the deeds offered in support of limitation could not have injured the defendant. It is claimed that the deeds were also admissible as a circumstance to show notice to the plaintiff, when he bought, of the claim of the defendant. But the propositions and statements made under the assignment of error upon the exclusion of the deed show that only the purpose to show limitation is relied on.

4. The fourth assignment of error will be disregarded, because there is no statement from the record in support thereof as required by the rules 29 and 30 for the Courts of Civil Appeals. The only statement under this assignment is a bare reference to the record for the contents of a bill of exceptions and testimony of a witness.

5. The testimony of Calvin Mantooth as to the execution and loss of the deed executed by John S. Martin to Mantooth and Abram was clearly admissible. Mantooth, who resided in Angelina County, testified that Martin executed a deed to him and Abram in August, 1890, for 150 acres of land situated on White Rock Creek, in Houston County, adjoining lands of one Satterwhite, eleven miles southeast of Crockett; he could not give the name of the headright; that the deed had been lost or misplaced, and after diligent search through all his papers and records he could not find it; that he sent the deed to F. M. Bayne to be recorded in Houston County, but that Bayne sent it back to him unrecorded, writing to the witness that he had a better title to the land. Abram testified to the execution of the deed; that it was made in August, 1890,

conveying 150 acres on White Rock Creek, in Houston County, and that it had never been in his possession, but it was in the possession of Mantooth, who had told him that he had lost it and could not find it. He had made no particular search for the deed, because he had never had it in his possession. The deed from Martin to Denny recited the conveyance to Mantooth and Abram, and excepted it from the 760 acres. Other evidence clearly identified the land as a part of the 760 acres set apart to Martin and Avriett in the partition of the one-third league. The evidence of Mantooth may not have been alone sufficient to identify the land, but it tended to do so, and aided by other evidence made the identification complete.

6. The sixth assignment of error is as follows: "The court erred in charging the jury that 'it must appear that the instrument offered as a transfer or conveyance from J. R. Burnett to defendant had been preceded by a transfer or conveyance from John S. Martin to Burnett,' because said charge is misleading. The evidence showing that Burnett claimed under a contract with Martin, the jury, under said charge, might have been led to believe it was not sufficient to pass title, although in writing."

The issue raised by the evidence was whether or not there was any contract in writing between Martin and Burnett for the conveyance of the interest claimed by Burnett, and the charge was addressed to this issue. It could not have misled the jury. If the defendant had thought the use of the words "transfer or conveyance," instead of contract, misleading, he should have called it to the attention of the court by an appropriate requested instruction.

7. What we have said in disposing of the fifth assignment of error disposes also of the seventh. The evidence was clearly sufficient to authorize the submission to the jury of the question of the conveyance of the 150 acres by Martin to the interveners.

8. There was no error in overruling the exception of the defendant to the petition of the interveners. The effect of the deed from Martin to Mantooth and Abram at the time it was executed was to convey an undivided interest of 150 acres in the 760 acres set apart to Martin and Avriett, although the evidence was sufficient to identify the 150 acres intended to be conveyed as off the northwest end of the tract, for the reason that the tract had not been partitioned between Martin and Avriett. The subsequent acquisition, however, of the Avriett interest by Martin would render his deed to Mantooth and Abram operative to convey the specific interest intended. But if the court erred in rendering judgment in favor of interveners for an undivided interest, it was not error of which the defendant can complain. What we have already said disposes of the question of the sufficiency of the evidence to sustain the conveyance to the interveners.

The judgment of the court below will be affirmed.

*Affirmed.*

GILL, Associate Justice, did not sit in this case.

Writ of error refused.