## CLUB LAND & CATTLE COMPANY v. J. W. WALL.

### No. 1538.   Decided March 26, 1906.

**1.—Limitation—Land—Payment of Taxes.**

To sustain the defense of limitation by possession and payment of taxes for five years under a deed to land duly registered, the defendant must show payment before suit was brought of the taxes for the last year necessary to complete the bar where it was possible to make such payment before that time. (P. 595.)

**2.—Same—Facts Stated.**

The period of limitation by possession, etc., of land by defendant under registered deed expired in November, 1903, and the suit was brought in April, 1904. He could have paid the taxes on or after October 1, 1903, but the state could not enforce payment until after January 1, 1904. Held that the limitation was not complete without payment of the taxes, and was not made so by payment after suit was brought. Mariposa L. & C. Co. v. Silliman, 27 S. W. Rep., 773, and Halbert v. Brown, 31 S. W. Rep., 535, distinguished as cases where period of limitation was complete before the taxes could be paid. (P. 595.)

**3.—Limitation—Undivided Interests—Common Possession.**

D. held deed to an undivided half interest in a tract of land, and under a later deed to an undivided third of another half interest jointly with two others, their possession being common. Limitation by possession for five years, with payment of taxes, was completed as to his half interest before suit was brought; but was not perfected as to the half interest so held by him and others jointly, because of failure to pay the last assessed taxes. Held that his title by limitation under the first deed, was not defeated by failure to pay taxes on the other half interest before suit was brought. (Kelly v. Medlin, 26 Texas, 48, distinguished. (Pp. 594, 595.)

**4.—Vendor—Enforcement of Lien—Superior Title—Election of Remedies.**

The vendor who has foreclosed his lien and sold a part of the land conveyed is estopped by such election from disaffirming the sale as to the remainder because of nonpayment.

**5.—Same—Facts Stated.**

Two owners, the common source of title, made a conveyance to two vendees, retaining vendor's lien; they then assigned the notes and lien for benefit of their creditors, one of the vendees having died, the assignee sued to foreclose the lien, taking judgment and selling in foreclosure the interest of the surviving vendee, and certifying judgment to the Probate Court for enforcement against the administratrix of the deceased, but proceeding no further therein; then he conveyed the land to one whose title was held by defendants. Held that this deed conveyed no title, the election to foreclose preventing the assignee from

disaffirming the sale for nonpayment; and that plaintiff, claiming under purchase from the foreclosure sale and by conveyance from the devisee of the deceased vendee, was not bound to pay the purchase money as a condition of recovering the land.    (Pp. 593–596.)

**6.—Deed—Description.**

A deed is not insufficient to support limitation because boundaries called for are determined by courses and distances from a corner of another tract in the survey conveyed by deed not shown to be recorded. Such case is distinguished from McDonough v. Jefferson County, 79 Texas, 535, where no description was given except by reference to an unrecorded deed.    (P. 596.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Archer County.

Wall sued the Land & Cattle Company and others for the recovery of land. Defendants recovered judgment on their plea of limitation. On plaintiff's appeal this was reversed and judgment rendered in his favor. Appellees then obtained writ of error.

*Matlock, Miller & Dycus,* for plaintiffs in error.—The deed from M. Harrold to E. H. East, conveying the 119 acres in controversy, contained a description sufficient to identify the land, and to sustain the statute of limitations of five years. Day v. Needham, 22 S. W. Rep., 103; McDonald v. Hamblen, 78 Texas, 628.

Taxes having been paid for the years 1898, 1899, 1900, 1901 and 1902, before the suit was filed, such payments were sufficient to support the plea of limitation, where possession was taken under a recorded deed in December, 1898, and continued for five years thereafter. Snowden v. Rush, 76 Texas, 199; Halbert v. Brown, 31 S. W. Rep., 535; Mariposa Land Co. v. Silliman, 27 S. W. Rep., 773.

The vendor's lien exists upon the land in controversy herein to secure the payment of the indebtedness due thereon, and any recovery by the plaintiff should be subject to said indebtedness and lien. McPherson v. Johnson, 69 Texas, 487; Gardner v. Griffiths, 93 Texas, 358; Harris v. Catlin, 53 Texas, 8; Slaughter v. Owen, 60 Texas, 670; Wilcox v. First Nat'l Bank, 93 Texas, 322; Ball v. Hill, 48 Texas, 641; Evans v. Bentley, 29 S. W. Rep., 496.

The Court of Civil Appeals erred in holding that the taxes for the year 1903, upon the lands in controversy, were due and payable from and after October 1, 1903, because the payment of such taxes could not be enforced until January 1, 1904; and the opinion of the said Court of Civil Appeals in this case is in direct conflict with the opinion of the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas, in the case of Mariposa Land & Cattle Co. v. Silliman, 27 S. W. Rep., 773, and with the opinion of the said Court of Civil Appeals of the Second Supreme Judicial District of Texas, in the case of Halbert v. Brown, 31 S. W. Rep., 535.

The said Court of Civil Appeals erred in holding that, by bringing suit on the notes given by W. A. Squires and T. F. Hurley to E. H. East and E. B. Harrold, to secure which the vendor's lien in controversy was retained on the land in controversy, the plaintiffs in said suit lost

their superior title, because, under the law, while a plaintiff is bound by his election to enforce a lien for the payment for land, yet when the giver of the vendor's lien notes fails to pay or appropriates the land, then the right to rescind revives, and the superior title of the seller revives.  Gardner v. Griffiths, 93 Texas, 358; McPherson v. Johnson, 69 Texas, 487; National Exchange Bank v. Jackson, 33 S. W. Rep., 278; Rogers v. Watson, 81 Texas, 400.

The Court of Civil Appeals erred in holding that the taxes on the land in controversy for the year 1903 were due and payable on October 1st of that year.  Clegg v. State, 42 Texas, 611; Mellinger v. City of Houston, 68 Texas, 42; Condon v. Maynard, 71 Md., 601; State v. Edwards, 38 S. W. Rep., 73; Bristol v. Washington, 177 U. S., 147; Bell v. Stevens, 90 N. W. Rep., 89; State v. Vogelsang, 81 S. W. Rep., 1088; City of Louisville v. Johnson, 24 S. W. Rep., 875.

*Montgomery & Hughes,* for defendant in error.—The deed under which the defendants claimed limitation contained no such description of the land as could form the basis of limitation under the five year statute.  Bruce v. Richardson, 64 S. W. Rep., 786; McDonough v. Jefferson Co., 79 Texas, 538; Bowles v. Price, 66 Texas, 724.

Where the deed under which the claim was made was filed for record on December 14, 1898, and suit filed April 11, 1904, and the taxes were paid only for the years 1898, 1899, 1900, 1901 and 1902, before the suit was filed, such payment was not sufficient to give title by limitation, even though the other essential facts were shown, and it was error for the court to submit the issue of five years' limitation.  Snowden v. Rush, 76 Texas, 199.

BROWN, ASSOCIATE JUSTICE.—On April 11, 1904, Wall filed this suit in trespass to try title against the Club Land & Cattle Company, A. L. Matlock, George E. Miller and F. E. Dycus, to recover 119 acres of land situated in Archer County.  The defendants pleaded by general demurrer, not guilty, and the statute of limitations of three and five years, with other special pleas not necessary to mention here.  At the trial the court in its charge to the jury submitted only the issue of the statute of limitations of five years to the jury.  Verdict was returned for the defendants and judgment entered accordingly, which judgment was by the Court of Civil Appeals reversed, and judgment rendered for Wall for the land.

The facts which are pertinent to the issues presented here are:  E. B. Harold and E. H. East are the common source from which both parties claim title.  Harold and East conveyed the land to W. A. Squires and T. E. Hurley, retaining a vendor's lien for the unpaid purchase money.  In 1896 Harold and East, being insolvent, made a statutory deed of assignment, conveying their property, including the note of Squires and Hurley, and embracing all vendor's liens, to M. Harold, assignee, for the benefit of the creditors of the said Harold and East.  Hurley died, leaving his wife surviving, and a will in which his wife, Fredericka, was the sole devisee and executrix, to administer the

estate under the orders of the county court.    Mrs. Fredericka Hurley qualified as executrix of the estate.    M. Harold, the assignee, brought suit against Squires and Fredericka Hurley, as executrix, upon the vendor's lien upon the land in controversy.    The judgment directed an order to issue for the sale of Squires' half interest in the land, and, as to Mrs. Hurley, executrix, it should be certified to the County Court for enforcement.    An order of sale was issued; Squires' interest in the land was sold regularly and bid in by Mrs. Mary A. King on the first Tuesday in January, 1897, the deed being executed January 5, 1897.    No steps appear to have been taken against the estate of Hurley in the County Court.    On December 24, 1896, Mrs. Hurley, in her own name and right, made a quitclaim deed to her interest in the land to Mary A. King.    On December 5, 1898, M. Harold, as assignee of E. H. East, conveyed the land to E. B. Carver, which deed was filed for record on December 14, 1898; and on the same day Carver leased the land to the *Club Land & Cattle Company*, who, on the same day, took possession thereof and continued in possession, holding under Carver and his subsequent vendees up to the filing of this suit.    November 23, 1899, Carver conveyed an undivided one-half interest in the land to F. E. Dycus, the deed being recorded November 30, 1899, and on July 2, 1902, Carver conveyed the other half interest in the land to F. E. Dycus, for the benefit of himself and his partners, Matlock and Miller, which deed was recorded January 17, 1902.    The possession of the land was held for five years, up to December 14, 1903, and E. B. Carver and Dycus paid all taxes on the land as they accrued for the years 1898, 1899, 1900, 1901, 1902, and F. E. Dycus paid taxes on his one-half for 1903 before this suit was instituted, but the taxes on the other half of the land for 1903 were not paid until after the institution of this suit.    The land was described in the deed from Harold to Carver, and in the deeds of Carver to Dycus, as follows:

"2d tract.    100 acres, being a part of the J. Ostane survey, No. 83, and described as follows:    Beginning at southeast corner of the 280-acre tract, deeded by Harold and East to J. S. Scott in the southwest corner of said survey, thence north 1340 varas to northeast corner of said 280-acre tract; thence east 420 varas; thence south 1340 varas; thence west on south line of said survey 420 varas to the beginning."

"3d tract.    All the right title and interest of said assigned estate, including the superior title held by the assigned estate of E. H. East to the following described tract of land situated in Archer County, Texas, and being a part of said Ostane survey, containing 119 acres; beginning at the southeast corner of said 100-acre tract, on the south line of said survey, thence north 1340 varas to northeast corner of said tract; thence 500 varas east; thence south 1340 varas to the south line of said survey; thence 420 varas to the beginning."    The last tract is in controversy in this case.

The Court of Civil Appeals held that the statute of five years' limitation was not available to the defendants below for any part of the land, because the taxes for the year 1903 on one-half undivided interest in it were not paid before the institution of this suit.    We are of opinion that in this holding the court committed error as to that undivided one-

half interest, which was claimed by F. E. Dycus individually; but that the holding was correct as to the half interest, which was claimed by the firm composed of Matlock, Miller & Dycus. The plaintiffs in error claim that because the period of limitation expired before the time at which the state could have forced the claimants to ·pay the taxes for 1903, the title vested without the payment of the taxes, and that the subsequent payment made was sufficient. It is true that if the period of limitation of five years had expired prior to the first day of October, 1903, the defense could have been maintained in this case without the payment of the taxes for that year, because no taxes could be paid upon the land prior to October 1st; therefore, at the expiration of the five years, the title would have vested without the payment of the taxes for 1903. Mariposa L. & C. Co. v. Silliman, 27 S. W. Rep., 773; Halbert v. Brown, 31 S. W. Rep., 535.

The reason for holding that it is unnecessary to pay the taxes under such circumstances is, that the claimants could not have paid them before the expiration of the period of limitation; but in this case there was a period of time from the 1st day of October until the ———— day of November, in which the plaintiffs in error might have paid the taxes for 1903, and it was their duty to make the payment. The indulgence by the state to the 1st of March did not relieve the taxpayer of the duty to pay at any time between the 1st of October and the 1st of March. When this suit was instituted, the possession of the half interest which belonged to the firm had continued for full five years and more, but the title had not been divested out of the true owners of the land, because the taxes on that half interest for 1903 had not been paid; and, there being no title in Matlock, Miller and Dycus at the date of the institution of this suit, no act of theirs done thereafter could divest the title out of the plaintiff.

The court erred, however, in entering judgment for the defendant in error for the entire tract; because, under the facts, F. E. Dycus was entitled to a judgment for one-half interest therein by virtue of his title by-limitation of five years. The Court of Civil Appeals held that he could not avail himself of the statute of limitations, because the taxes had not been paid upon the entire tract of 119 acres. But in this the court failed to distinguish between the one-half interest which was held personally by F. E. Dycus and the rights of the partnership in the other half. The two rights were just as distinct after the second deed was made by Carver to Dycus, conveying one-half interest in the land to the partnership, as it was before. While it is true that Dycus owned one-third of the one-half conveyed to the firm, it is also true that the other members of the firm owned no part of his half; and the mere fact that one party had an interest in both does not have the effect to consolidate and blend them as a whole. Suppose, for instance, that Dycus had failed to pay the taxes for the year 1903 on his half of the land, but the taxes on the firm's interest had been paid; would the failure of Dycus to pay on his half interest prevent the firm from pleading limitation as to their half? We think that such a contention would not be made; and yet it serves most definitely to show that the two interests were distinct, and that the principle applied by the Court of

Civil Appeals is not applicable to a case of this kind. The case of Kelly v. Medlin, 26 Texas, 48, upon which the ruling of the court must rest, is entirely different in its facts from this case. In that case the deed purported to convey 320 acres of land, and the proof showed payment of taxes on less than that amount. In this case, Dycus' deed showed a conveyance of one-half interest in 119 acres, and the proof showed a payment on 59½ acres of the land; so that all of the land which was described in the deed—59½ acres—was rendered for taxes, and the taxes paid regularly for five years. This entitled Dycus to judgment against the plaintiff below for the one-half interest in the land.

The plaintiffs in error claim that the defendant in error, Wall, should not be allowed to recover without paying the purchase money of the land. That doctrine does not apply to the facts of this case. When M. Harold, acting as assignee of East, conveyed the land to Carver, no title whatever passed to the latter, because the interest of East in Squire's half had been sold under a judgment foreclosing the vendor's lien, and had been purchased by Mrs. King, under whom Wall claimed, by which sale East's title to the land sold passed out of the assignee. By this proceeding the assignee elected to enforce the lien, and having sold part of the land, he could not disaffirm the sale for the remainder. Gardener v. Griffith, 93 Texas, 355. Therefore, the plaintiffs in error never acquired the interest of either of the original vendors, East or Harold, in this land; to the contrary, the title was vested in Wall through the deed from Mrs. Hurley to Mrs. King, and the purchase by Mrs. King of Squire's interest at the foreclosure sale.

The defendant in error, Wall, claims that the deed from the assignee, Harold, to Carver, is not sufficiently definite in its description of the land to sustain the statute of limitations, because it calls to be taken out of a tract of 280 acres deeded by Harold and East to J. C. Scott out of the J. Ostane survey, No. 83; and because it is not shown that the deed to Scott was recorded, the description is defective. The facts of this case are quite different from those in McDonough v. Jefferson County, 79 Texas, 535, where the deed under which the statute of limitations was prescribed contained no description of the land whatever, but referred to another deed, which was not of record; therefore, there was no such deed to the land on record as was required by the statute. The deeds introduced in this case were sufficiently definite to sustain the five years' limitation.

It is ordered that the judgment of the Court of Civil Appeals be reversed, and that judgment be here entered in favor of J. W. Wall against Matlock, Miller and Dycus and the Club Land & Cattle Co. for an undivided half interest in the land in controversy, and that F. E. Dycus recover of Wall an undivided half interest in the said land. It is further ordered that Wall recover of Matlock, Miller and Dycus and from F. E. Dycus and the Club Land & Cattle Co. all costs except the costs of this court, which will be adjudged against J. W. Wall.

*Reversed and rendered.*