## J. W. YARBROUGH ET AL. v. W. P. WHITMAN ET AL.

Decided April 25, 1908.

**1.—Deed—Power Coupled with Interest—Statute of Limitation.**

An instrument in writing which, after appointing the party therein named attorney-in-fact for the maker, conveys to such party absolutely and in fee simple an undivided interest in the land referred to in the instrument, is sufficient basis for the five years' statute of limitation.

**2.—Same—Undivided Interest—Limitation—Payment of Taxes.**

An undivided interest in land may be acquired by adverse possession under the five years' statute of limitation, and the payment of taxes by a party claiming such interest will be ascribed to his interest.

**3.—Co-plaintiffs—Costs.**

Where several plaintiffs in trespass to try title sue jointly, and all of said plaintiffs except one recover part of the land sued for, it is error to tax the entire cost of the suit against the plaintiff failing to recover. Such plaintiff should be taxed only with the cost incurred by him.

**4.—Deed—Grantees—Construction.**

A deed to a married woman "and to her children jointly" should be construed as a conveyance to the woman and to each of her children, share and share alike, and not one-half to the woman and the other half to the children.

**5.—Cotenants—Limitation—Apportionment.**

Where land was lost to cotenants by limitation, evidence considered, and held to support the judgment apportioning the loss among the cotenants.

**6.—Appeal—Co-defendants—Practice.**

An assignment of error by one defendant, complaining of a judgment as between himself and a codefendant, cannot be considered on appeal in the absence of an appeal by such defendant.

Error from the District Court of Haskell County. Tried below before Hon. H. R. Jones.

*S. W. Scott, A. C. Foster* and *Aldrich & Crooks,* for plaintiffs in error.—That the contingent power of attorney from W. C. King to H. C. McConnell was wholly insufficient as a deed to serve as a basis for five years' limitation, reference is made to the instrument itself. No consideration existed for this conveyance, the attorney bringing a suit for King which he subsequently dismissed without any benefit to W. C. King.

The conveyance of an undivided one-third interest in an undivided 320 acre interest in the 1280 acre tract contingent on legal service to be rendered is wholly insufficient to set the statute of five years' limitation in motion. Noble v. Hill, 27 S. W. Rep., 757; Tayler v. Taul, 88 Texas, 665; Puckett v. McDaniel, 8 Texas Civ. App., 630; Garner v. Boyle, 77 S. W. Rep., 987.

Where a number of plaintiffs sue jointly for recovery of a tract of land and recover it from naked trespassers in possession without setting out their respective interests in the recovery or attempting to show and have adjudicated the respective interests of plaintiffs, it will be inequitable and unjust to let the trespassers in possession escape without payment of any cost and tax all the cost of the proceedings against one of the plaintiffs in the joint recovery whose interest is not shown. Herndon v. Rice, 21 Texas, 458.

*W. T. Andrews,* for defendant in error, Whitman.

*H. G. McConnell, in pro. per.,* defendant in error.—The registration of a deed under which a tenant in common claims exclusive right to land is notice thereof to his cotenant. Puckett v. McDaniel, 28 S. W. Rep., 360.

The deed under which defendant in error, McConnell, held and claimed title by limitation is not a conditional deed, but an unconditional conveyance of the fee simple title, and is sufficient to support the plea of limitation and the recovery thereunder. Overby v. Johnston, 94 S. W. Rep., 131; Cole v. Grigsby, 35 S. W. Rep., 680.

*Thomason & Thomason,* for other defendants in error.—The court did not err in taxing all the cost against Chester Haile for the plaintiffs brought and maintained their suit upon the theory that Chester Haile did not have any interest in said land, and where several plaintiffs sue several defendants it is in the discretion of the court to tax all cost against one or more of the plaintiffs or one or more of the defendants. Hitchcock v. Blagge, 45 S. W. Rep., 931; Rountree v. Haynes, 73 S. W. Rep., 435; Morrow v. Terrell, 21 Texas Civ. App., 28, and cases cited.

The clause "to Lucy Ann Haile and to her children jointly" constituted only two units or groups of grantees, therefore in no event could the plaintiffs in error have been entitled to more than one-half of the land. Paul v. Ball, 31 Texas, 10-21.

STEPHENS, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by plaintiffs in error, who were the children and grandchildren of Lucy Ann Haile, against defendants in error, W. P. Whitman, who claimed a part of the land under a tax title and disclaimed as to the rest, H. G. McConnell, whose defense was the statute of limitation of five years, and the other defendants, who deraigned title through conveyances from Lucy Ann Haile and Samuel C. Haile, her husband, and who also pleaded limitation.

The land in controversy was an undivided interest of three hundred and twenty acres conveyed by Isaac Parker and wife to their daughter, "Lucy Ann Haile and to her children, jointly" on the 27th day of October, 1865, out of a survey of twelve hundred and eighty acres situated in what is now Haskell County, Texas, patented to Isaac Parker as assignee of Richard Finch. Chester Haile, one of the plaintiffs, who was born after this deed was made, was for that reason denied any recovery and all the costs of the suit were taxed against him. The other plaintiffs, who sought to recover an undivided seven-ninths interest, recovered an undivided interest of only one hundred and sixty acres. To H. G. McConnell was adjudged an undivided interest of one hundred and six and two-thirds acres under his plea of five years limitation. The other defendants recovered an undivided interest of fifty-three and one-third acres, except W. P. Whitman, who was denied any recovery. From this judgment, which was rendered by the court without a jury, the plaintiffs below have prosecuted a writ of error and the defendants who recovered an undivided interest of fifty-three and one-third acres have filed cross assignments of error.

The first claim made in the brief of plaintiffs in error is that the court erred in rendering judgment for one hundred, six and two-thirds acres of the land in controversy in favor of defendant McConnell under his plea of five years limitation, "because Mrs. Elizabeth Clinkscales did not become twenty-one years of age until May 17, 1899, and this suit was filed on the 28th day April, 1904, and as to her interest the bar of limitation did not apply." It is conceded by McConnell that this claim is well founded and he offers in answer to the assignment raising this question to remit the interest of Elizabeth Clinkscales, adjudged to him under his plea of limitations, of three and one-third acres. Without, therefore, committing ourselves to the construction which seems to be placed by both parties on the third paragraph of article 3352 of the Revised Statutes, we sustain this assignment, especially in view of the trivial amount involved, on the confession of McConnell, and reform the judgment accordingly, giving to the plaintiffs in error also their costs of appeal against McConnell.

The recovery by McConnell as a whole is next assailed on the ground that the deed under which he prescribed was but an executory contract and therefore not a sufficient basis for his adverse possession. But we find no merit in this claim, and to refute it need only quote the deed, as follows: "The State of Texas, County of Haskell. Know all Men by these Presents: That the undersigned W. C. King of the county of Wilbarger and State of Texas, has this day made, constituted and appointed and by these presents do make, constitute and appoint H. G. McConnell, attorney at law, of Haskell, in the county

of Haskell and State of Texas, my true and lawful attorney, for me and in my name, place and stead to sue for, recover, take into possession and to divide and partition the following described real estate situated in Haskell County, Texas, to wit: 320 acres out of a 1280 acre survey in the name of Richard Finch about five miles northwest from the town of Haskell, said survey being known as abstract No. 135, pat. No. 915, vol. 3, patented to Isaac Parker, assignee of the said Finch, and being the same land conveyed to W. C. King and J. F. Paramore by S. C. Haile and wife, Lucy Ann Haile, by deed dated Nov. 30, 1876, hereby giving and granting my said attorney full power and authority to do and perform any and all acts and things necessary to be done in and about said premises as fully as I might do if personally present, with power of substitution, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do by virtue hereof; and in consideration of the services heretofore and hereafter to be performed for me by my said attorney, I do hereby and by these presents, grant, bargain, sell, alien, enfeoff, transfer, release and confirm unto the said H. G. McConnell, his heirs, assigns, or legal representatives, forever in fee simple, one equal and undivided one-third interest in and to said land situated and described hereinbefore.  To have and to hold, unto him, the said H. G. McConnell, and his heirs, assigns, or legal representatives, forever in fee the above mentioned and conveyed part or interest in said land, hereby waiving all laws or matters of form whatsoever that might in anywise or manner affect or impair this obligation as an absolute conveyance to the said H. G. McConnell of said interest in said land.  In testimony whereof I have hereunto set my hand at Vernon, this 11th day of Dec., 1891.  W. C. King."

That an undivided interest may be acquired by adverse possession under the five years statute, see Overby v. Johnston, 94 S. W. Rep., 131, and Club Land & Cattle Co. v. Wall, 99 Texas, 591.  The deed under which McConnell held possession showed on its face that it was intended to cover the undivided interest in the survey claimed by the plaintiffs in error and by the defendants in error who have filed cross assignments, and his payment of taxes should be ascribed to this interest.

The court erred in taxing all the costs of the suit against Chester Haile and the assignment raising this question will be sustained.

The assignments of plaintiffs in error attempting to raise other questions are presented in a very objectionable manner in the brief, tending to confuse rather than to aid us in the discharge of our duties, but after a very patient and laborious search through a record that is far from perspicuous, we have finally concluded that plaintiffs in error recovered all the land they were entitled to, except the three and one-third acres conceded to them by McConnell.

The first cross assignment presented seems to invite us to consider something not found in the record, and is otherwise without merit.

The next cross assignment presented complains that the court erred in not rendering judgment for the defendants in error therein named on their plea of five years limitation, because "the undisputed evidence shows that they had acquired the title to same by limitation," which

is followed by the proposition, "The evidence in this case shows that said defendants in error made out a prima facie case of title under their plea of five years limitation to the land in controversy." The brief fails to set out the evidence which shows title by limitation and we have been unable to find it in the record.

The next cross assignment challenges the construction placed by the court on the deed "to Lucy Ann Haile and to her children, jointly," the contention being that this should be construed to be a conveyance to Lucy Ann Haile of one half and to her children of the other; in support of which the case of Paul v. Ball, 31 Texas, 10, is cited, but we think the authorities cited by plaintiffs in error sustain the court in construing the deed to be a conveyance of an equal share to Lucy Ann Haile and each of her children then living. Heath v. Hewitt, 13 L. R. A., 48, and notes, particularly the case there cited of Hamilton v. Pitcher, 53 Mo., 334, which is quite in point.

The only remaining cross assignment is quite general, alleging merely that the court erred in rendering judgment for the defendants in error for only fifty-three and one-third acres of the land in controversy when they were entitled to a judgment for more than fifty-three and one-third acres. But in no view of the case were the defendants, in whose behalf this assignment is made, entitled to recover more than fifty-three and one-third acres. The interest of the plaintiffs in the entire three hundred and twenty acres was six-eighths. Mrs. Clinkscales, one of the plaintiffs, treated as not being affected by the statute of limitation, was entitled to one-fourth of one-eighth of the three hundred and twenty acres, or ten acres. The other three plaintiffs inheriting with her a one-eighth interest were entitled to three-fourths of one-eighth, or thirty acres, and the remaining plaintiffs were entitled to five-eighths, or two hundred acres. But all except Mrs. Clinkscales lost one-third by limitation, or seventy-six and two-thirds acres, and the owners of the remaining two-eighths also lost one-third by limitation, or twenty-six and two-thirds acres, making an aggregate of one hundred, three and one-third acres lost by limitation, which, deducted from the three hundred and twenty acres, leaves two hundred, sixteen and two-thirds acres, of which Mrs. Clinkscales was entitled to ten acres and her coplaintiffs to one hundred, fifty-three and one-third acres, making a total of one hundred, sixty-three and one-third acres for the plaintiffs, which would leave fifty-three and one-third acres for the defendants other than McConnell and Whitman, who filed disclaimers.

The judgment taxing the costs against Chester Haile will be reversed and here rendered so as to adjudge against him only the costs created by him, and the judgment will be reversed and rendered in favor of plaintiffs in error, other than Chester Haile, for the three-and one-third acres conceded by McConnell to belong to them, with their costs of appeal taxed against McConell and the other defendants in error. In other respects the judgment will be affirmed.

*Reversed in part and affirmed in part.*

### ON MOTION FOR REHEARING.

The motion of E. P. Thomason and other defendants in error who sought to have the judgment reviewed on cross assignments concludes with the following remarks: "We must confess we can not see how a party can recover land against another party when he acknowledges the title of the other party under limitation, when he does not even claim or plead limitation against him. In this case H. G. McConnell, as agent and attorney for Wm. C. King and his vendees, leased the land for them from 1891 to the trial of this case, thereby acknowledging their right to the same, and does not attempt to plead limitation against King or his vendees, but in the face of this the court holds that H. G. McConnell has acquired twenty-six and two-thirds acres of the land these defendants in error are entitled to, notwithstanding the facts that there is no pleading to warrant such a judgment and H. G. McConnell does not even claim that he is entitled to the same against these defendants in error mentioned herein. We earnestly insist that this is error, and that the court should not deduct the twenty-six and two-thirds acres out of the land these defendants in error are entitled to, but should be deducted out of the plaintiffs in error's part."

As we understand the record the defendants in error submitting these remarks undertook to deraign title both from King and Paramore, and but for limitation were entitled to forty acres from each source. In announcing on the original hearing that they lost twenty-six and two-thirds acres by limitation in favor of McConnell we did not mean to hold, as the above remarks would indicate, that the land lost by limitation was any part of that covered by the title derived from King, in privity with which McConnell held possession. It was not strictly accurate, however, to say that twenty-six and two-thirds acres had been lost by limitation, since one-third of the Paramore interest, to which alone the adverse possession of McConnell could have been applicable, only amounted to one-half that quantity, but McConnell was entitled to hold an equal quantity of the King interest under his deed from King, which would work the same result. The remarks made on this subject in the original opinion were in answer to the contention of Thomason and others that they were entitled to recover more land than had been adjudged to them, but were perhaps superfluous, since no issue was raised in the court below between Thomason and others on the one hand and McConnell on the other, all of whom were defendants, who merely filed separate answers to the petition of the plaintiffs and who were therefore not adversary parties. Nor, properly speaking, is any issue raised in this court between them, no writ of error having been prosecuted by Thomason and others against McConnell. So that if the judgment as between the defendants was in any respect erroneous, we would have no jurisdiction to correct it on this writ of error. What we hold is that the plaintiffs in error, after receiving the additional quantity conceded to them by McConnell, have recovered all the land to which they were entitled and that the defendants in error have failed to show us that they were entitled to recover from the plaintiffs in error more land than was adjudged to them. Besides, if otherwise entitled to relief the cross assignment

claiming a greater recovery is entirely too general, as will be seen from the following authorities: Revised Statutes, art. 1018, rule 31; Tudor v. Hodges, 71 Texas, 392; Bayne v. Denny, 52 S. W. Rep., 983; Wright v. Wren, 16 S. W. Rep., 996; American Legion of Honor v. Rowell, 78 Texas, 677; Watzlavzick v. Oppenheimer, 38 Texas Civ. App., 306, and authorities there cited. Motion overruled.

*Overruled.*