**RAMIREZ et al. v. ROGAN. (No. 7816.)**

Court of Civil Appeals of Texas. San Antonio. June 15, 1927.

Rehearing Denied July 15, 1927.

Appeal and error ⟨⟩773(4)—Judgment in complicated boundary case will be affirmed, instead of dismissing cause for appellants' violation of rules as to filing briefs, etc. (Texas Court Rules 35–38).

Under Texas Court Rule 38, judgment in case involving complicated boundary and limitation questions will be affirmed, in preference to dismissing cause for appellants' violation of Rules 35–38, respecting filing notice thereof, service of copies, and return of transcript, etc., to clerk of appellate court.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Charles Rogan against Sylvestre Ramirez and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Davenport, West & Ransome and J. T. Canales, all of Brownsville, for appellants.

N. A. Rector, of Laredo, for appellee.

COBBS, J. Appellee files the following motion which is in manuscript written on both sides of the paper as follows:

"To the Honorable Judges of Said Court:

"Now comes Charles Rogan, appellee in the above styled and numbered cause, and respectively represents:

"1. That the appellants did not file a copy of their brief in this cause with the clerk of the trial court, and give notice of such filing to appellee, or to his attorney, five days before filing the transcript and statement of facts in this court, as required by law and the rules of this court.

"2. That appellants did not file with the clerk of this court their brief in this cause until June 7, A. D. 1927, one day only before the time set for the hearing thereof, and that neither appellee nor his attorney received a copy of appellants' brief in this cause until June 6, A. D. 1927, two days prior to the time set for the hearing of same; that appellee resides at Austin and his attorney resides at Laredo, Tex.; that immediately upon receiving notice from the clerk that this cause was set for hearing on June 8, 1927, which was on the —— day of June, 1927, he applied to the clerk of this court for the transcript and statement of facts filed herein so that he could prepare and file herein a brief for appellee, but he could not get possession of said transcript and statement of facts for the reason that the same had been previously delivered by said clerk to appellants' attorneys who reside at Brownsville, Tex., and who had neglected to return the same to the clerk of this court.

"3. That appellee received a copy of appellants' brief at Austin, Tex., on the 6th day of June; that it was necessary that appellee be present and attend the call of the appearance docket in the district court of Travis county on June 7, 1927; that immediately after the call of said docket, appellee came to San Antonio on the same day, thinking it might be possible to prepare his brief by to-day, June 8th; that when he applied to the clerk for the transcript and statement of facts in this cause only to be advised that the same were in the custody of appellants' attorneys who had neglected to return them to this court.

"That because of the negligence of the appellants and their attorneys in the preparation of this cause for trial as herein pointed out, appellee has been deprived of all opportunity to prepare and file a brief herein.

"Wherefore he moves that appellee's brief be stricken and that said appeal be dismissed."

However much we are opposed to disposing of cases on mere technicalities, the appellee is wholly within his rights. Texas Court Rules 35, 36, 37, and 38. Appellants have made and filed or otherwise attempted to show that the appellee or defendant in error has not suffered material injury by such failure, in his defense in the appellate court. Rule 38, supra. This cause is one that involves complicated boundary and limitation questions, somewhat in the nature of a companion case entitled No. 7815, Florencia S. de Canales et al. v. Noyes D. Smith et al., 297 S. W. 261, this day disposed of by us. By virtue of the provision of said Rule 38, that the Court of Civil Appeals shall give such direction to the cause as it may deem proper, it is the judgment of this court that the judgment should be affirmed rather than the cause dismissed, and it is accordingly done.

Judgment is affirmed.