**CANALES et al. v. SMITH et al.** (No. 7815.)*

Court of Civil Appeals of Texas. San Antonio.
June 15, 1927.

Rehearing Denied July 15, 1927.

Adverse possession &ssd;101—Possession of small inclosure in part of tract allotted possessor by partition deed did not entitle her to possession of separate moieties.

Possession of small inclosure in part of tract allotted to possessor by partition deed *held* not to entitle her to possession of separate moieties, so that each owner could toll statute of limitation in his behalf to boundaries of portion allotted her, though deed was not properly recorded; the close being broken by partition.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Trespass to try title by Noyes D. Smith and others against Florencia S. de Canales and others. From a judgment for plaintiffs, defendant named and two other defendants appeal. Affirmed.

Davenport, West & Ransome and J. T. Canales, all of Brownsville, for appellants.
N. A. Rector, of Laredo, for appellees.

COBBS, J. Appellees file a motion to strike out the briefs of appellants for the following reasons:

"Now come the appellees by their attorney, and represent to the court that this cause was tried in the district court of Webb county on the 10th day of January, 1927; that the statement of facts was filed in the district court on February 5, 1927, and the record was filed in this court on May 3, 1927.

"That no brief has been filed in the district court of Webb county, and that on Saturday, the 4th day of June, 1927, at 4 p. m. a copy of appellant's brief was delivered to attorneys for appellees, and consequently appellees have had no opportunity to properly answer appellant's brief.

"Wherefore, appellees present this motion and ask the court to strike out appellant's brief filed in this cause on the 4th day of June, 1927, and that it affirm the judgment of the district court on the appellees' brief."

Appellees also file what they term an "ex parte brief" in the event appellants' brief has been stricken out and prays an affirmance of the judgment:

"This suit was instituted at the district court of Zapata county against appellant and other defendants. By agreement, the venue was changed to the district court of Webb county, where it was tried on January 10, 1927.

"The suit was in action of trespass to try title, and the pleadings of the appealing defendant were not guilty, and the statutes of limitation. Judgment was rendered for appellees for all of the land sued for, except 160 acres and adjudged to Mrs. de la Garza.

"All other defendants were properly disposed of, and the defendants, Mrs. Canales and Mrs. de la Garza, joined by her husband, have appealed and filed the record in due time in this court.

"No issue as to plaintiffs' record title was made in the court below, nor is any complaint made of same in this court."

In this case the facts show that the tract of land in controversy was at one time owned by several heirs of an undivided interest that had been later partitioned among themselves in separate parcels. It is shown that one of the owners held title and possession only to his separate interest and not of the whole, by virtue of which a limitation title is claimed to inure.

It was agreed in writing filed on the trial by the parties to this suit: That the four-league grant to Juan Flores, commonly called El Javali, lies partly in Starr and Zapata counties. That on September 8, 1885, the tax collector of Zapata county executed to Benito Ramirez a tax deed, a copy of which is attached to said agreement. That Benito Ramirez, while a widower, died in 1888, and left surviving him as his sole heirs, four children, Sylvestre Ramirez, Dolores, wife of Cosme Gonzalez, Petra, wife of Antonio Canales, and Teresa, wife of Irineo de la Garza. That the heirs of Benito Ramirez partioned by a parol partition said acreage, and that there was allotted in said partition to Mrs. de la Garza 885 acres in the northwest corner of the grant; to Dolores R. Gonzalez, 885 acres in the southwest corner, adjoining Mrs. de la Garza; to Sylvestre Ramirez, 885 acres in the northeast corner; and to Petra R. Gonzalez, 885 acres in the southeast of Ramirez' and northeast of Dolores R. Gonzalez' tract.

---

That this parol partition was confirmed by the said heirs by written deed dated September 20, 1888. No question is made but that Irineo de la Garza and his wife, Teresa, paid the taxes on 885 acres since they took possession of the part allotted to them, soon after the death of Benito Ramirez. Nor is there any contention but that Mrs. Canales and her husband paid the taxes from the date of their deed, December 31, 1906, down to the date of the trial on 885 acres of land, described in the deed in the following language:

"885 acres of land in that large tract of land situated in Starr and Zapata counties, in the state of Texas, known and called El Javali, originally granted to Juan Flores. * * * 885 acres intended to be conveyed were acquired by me as one of the four children and heirs of law of my deceased father, Benito Ramirez and his wife, in said Javali tract of land, being one-fourth of 3,540 acres acquired by said Benito Ramirez from B. F. Moss, tax collector of Zapata county, Tex., dated the 8th day of September, A. D. 1885."

A plat of a subdivision of the northwest portion of said Javali grant appears on the second page in the statement of facts, and the diagonal line through the plat indicates the common Zapata and Starr county line.

Irineo de la Garza, the husband of Teresa, was originally in possession of a small inclosure in what is known as section 1, in said plat consisting of some 10 or 15 acres, with a jacal in the inclosure, and testified that this small inclosure was made by Antonio de Leon. That Benito Ramirez died in 1888, and when he died, that he continued in possession of this small inclosure, and that when he took it over he enlarged the field fences. That in about 1890 he fenced it with wire, and that he had continued to occupy the inclosure and cultivate 15 or 20 acres of land inclosed. That the inclosure was enlarged and now contains about 80 acres. That he had paid taxes every year since 1890. The acreage so paid on was shown by the certificate of the tax collector of Zapata county to be 885 acres. He testified that he held possession for his wife, and did not testify that he was holding for any one of the other heirs of Benito Ramirez nor for any one claiming under any heir. There was no other possession or improvement on section 1 covered by said 885-acre tract. The fence between the de la Garza 885 acres and the Canales 885 acres was built in 1926. There was no fence between the Pedernal grant to the southwest and the Javali. Mrs. Canales' cattle and sheep ran on uninclosed land claimed by her and the surrounding uninclosed lands.

The purported partition deed between the heirs of Benito Ramirez, dated September 20, 1888, described the land conveyed to Mrs. de la Garza as follows:

"¼ undivided interest in each of the following described tracts of land, to wit: Abstract No. 28, originally granted to Juan Flores, and situated in Starr and Zapata counties."

Other surveys were mentioned by abstract numbers.

The land mentioned in said deed conveyed to Mrs. Dolores Ramirez, wife of Cosme Gonzalez, was in the exact language of that paragraph conveying to Mrs. de la Garza. No witness claimed that Dolores Ramirez or Cosme Gonzalez, after her marriage to him, or Antonio Canales after his death, ever had any possession of any portion of the 885 acres allotted to Dolores Ramirez. It was shown that Benito Ramirez, after his tax sale purchase, bought from the owners another part of the Javali grant. Mrs. de la Garza claimed that her land extended southeast and embraced a strip off of the north or northwest portion of section 7. The 885 acres claimed by Mrs. Canales lie to the south or southeast of that claimed by Mrs. de la Garza, and extends down to the county line, and is in fact much less than 885 acres. Turner v. Moore, 81 Tex. 206, 16 S. W. 929; Logan v. Robertson (Tex. Civ. App.) 83 S. W. 400; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Bayne v. Denny, 21 Tex. Civ. App. 435, 52 S. W. 983; Faisom v. Primm (Tex. Civ. App.) 34 S. W. 834.

We think the partition of the property setting apart to each party his separate interest broke the close; that the possession of Mrs. de la Garza by virtue of the small inclosure on section 1 of the same land would not entitle the possessor to hold the possession of the several separate moieties so that each owner would be permitted to toll the statute of limitation in his behalf to the limits and boundaries of the entire 885 acres. Cocke v. T. & N. O. R. Co., 46 Tex. Civ. App. 363, 103 S. W. 407.

The partition deed of the 28th day of September, 1888, did not describe any particular 885 acres, only described her interest as one-fourth of abstract No. 28, in Starr and Zapata counties. It makes no difference that the partition deed was not properly recorded; de la Garza's actual possession was by the partition severed from the 885 acres and limited to the portion she owned.

This is not a case where the parties are tenants in common and are holding the possession for the common interest. When the property was partitioned and set apart to each owner, such holding was for him only, and he must be held limited to his own claim and rights, and not for others.

There is nothing to differentiate this case from any other where the party owning and being in possession of a large tract of land cuts it up and sells off portions to other persons who do not take possession and he still remains in possession of the part unsold for the length of time it would take to toll the statute of limitation. Such holding cannot be construed to be possession for the true

owners out of possession. Such a holding would defeat the very policy of the law that transfers one's land to another upon the doctrine of a peace statute to quiet titles to land. The court was correct in allowing de la Garza to hold only 160 acres by virtue of her own possession of the 60 or 80 acres inclosed, held by her and her husband, and could not be extended by construction to the boundary and limits of the 885 acres for others if that boundary could be determined. None of the other parties can claim limitation title because of the alleged adverse possession of Mrs. de la Garza.

The judgment of the trial court is affirmed.