### W. H. SLACK v. J. J. DAWES.

#### No. 204.

1. **Deed—Description of Land.**—A description of land in a deed, as follows, "1377 acres of land situated in Young County, Texas, surveyed and patented by virtue of my headright certificate," is not void for uncertainty upon its face, since, so far as the deed discloses, the tract may have contained only 1377 acres. And as a voluntary conveyance of a certain number of acres out of a larger survey, it would entitle the grantee to an undivided interest therein to that extent.

2. **Acknowledgment of Deed — Grantor Known to Officer.**—The law in force October 8, 1860, did not require that the certificate of the officer before whom a deed was acknowledged should show affirmatively that the grantor was known to him, but only that the officer should attach to his certificate cer-

tain proofs of identity in case the person making the acknowledgment was not known to him.

3. **Description of Land in Pleadings and Judgment.**—Plaintiff's petition described the land sued for as "200 acres out of the F. L. Green headright, in Young County, Texas, the lines of said land to be run so as to make a square body adjoining a tract owned by S. M. Smith, so as not to injure or disfigure the balance of the land;" and the verdict found in favor of plaintiff for "the land in controversy." The judgment thereon decreed to plaintiff an undivided interest of 200 acres in the whole survey, without reference to its shape or location as to the Smith tract. *Held*, that the judgment was not supported by the pleadings nor by the verdict, and that plaintiff should have alleged the location of the Smith tract, and then either have designated the part of the Green survey adjoining it which he claimed as his 200 acres, accompanied with appropriate allegations and proof that when so taken the remainder of the survey would not be disfigured, or else should have prayed the appointment of commissioners to lay off his 200 acres in a square next the Smith.

Appeal from Young. Tried below before Hon. George E. Miller.

*C. W. Johnson* and *Walton, Hill & Walton*, for appellant.—1. The description of the land in the deed objected to is vague, uncertain, and not close enough to identify, or even approximately identify, the exact land sought to be conveyed. Dev. on Deeds, secs. 1010–1013; Norris v. Hunt, 51 Texas, 609; Nye v. Moody, 70 Texas, 436; Wofford v. McKinna, 23 Texas, 44.

2. The deed objected to was not authenticated in the manner to entitle it to registration under the law at the time of its registration, and therefore did not come under the terms of the statute admitting recorded instruments, or certified copies thereof, in evidence after certain formalities. Rev. Stats., art. 4312; Sowers v. Peterson, 59 Texas, 219; Watkins v. Hall, 57 Texas, 4; Taylor v. Harrison, 47 Texas, 458; Cox v. Cock, 59 Texas, 524; Dotson v. Moss, 58 Texas, 153, 154; Holmes v. Coryell, 58 Texas, 688; Brown v. Simpson, 67 Texas, 231.

3. There is fatal variance between the description of the land sued for and that recovered; hence the judgment is not borne up by the pleadings and prayer. Rev. Stats., art. 1335; Wallace v. Bogel, 62 Texas, 638; Handel v. Elliott, 60 Texas, 146; Dunlap v. Southerlin, 63 Texas, 42; Graham v. McCarty, 69 Texas, 323.

No brief for appellee reached the Reporter.

HEAD, Associate Justice.—The description of the land attempted to be conveyed by the deed from F. L. Green to S. S. Corzine is as follows: " Thirteen hundred and seventy-seven acres of land, situated in the county of Young, in the State of Texas, surveyed and patented by virtue of my headright certificate." This description is not void for uncer-

tainty upon its face. So far as this deed discloses, the entire tract may have contained only 1377 acres. Flannagan v. Boggess, 46 Texas, 330. Appellant's brief does not raise the question as to the sufficiency of this deed, in connection with the other evidence, to convey any part of the F. L. Green survey of 3176 acres. We have heretofore held, however, that a voluntary conveyance of a certain number of acres out of a larger survey entitles the grantee to an undivided interest therein to that extent. Dohoney v. Womack, 1 Texas Civ. App., 354.

The acknowledgment to the above deed was taken October 8, 1860, and the certificate of the officer does not show affirmatively that the grantor was known to him. The law in force at that time did not require that it should, but only required the officer to attach to his certificate certain proofs of identity in case the one making the acknowledgment was not known to him. Watkins v. Hall, 57 Texas, 4; Driscoll v. Morris, 2 Texas Civ. App., 603.

The land claimed by appellee is described in his deed and in his petition as "200 acres out of the F. L. Green headright survey in Young County, Texas, the lines of said land to be run so as to make a square body adjoining a tract owned by S. M. Smith, so as not to injure or disfigure the balance of the land." The field notes of the Green headright are also given in the petition, showing a survey of 3176 acres in an oblong form. The verdict is, "We, the jury, find for the plaintiff the land in controversy." The judgment rendered upon this verdict decrees to plaintiff an undivided interest of 200 acres in the whole survey, without reference to its shape or location in reference to the S. M. Smith tract, if such there be. This judgment can be supported neither by the pleading nor the verdict. Appellee must recover, if at all, the land described in his title papers, which is a specific square tract adjoining S. M. Smith, and to be so run as not to unnecessarily injure or disfigure the remainder of the survey. He should have alleged the location of the Smith tract, and then either have designated the part of the Green survey adjoining it, which he claimed as his 200 acres, accompanied with the appropriate allegations and proof that when so taken the remainder of the survey would not be disfigured, or else should have prayed the appointment of commissioners to lay off his 200 acres in a square next the Smith.

What we have said sufficiently indicates our views upon the remaining assignments.

The judgment of the court below will be reversed, and the cause remanded, to be proceeded with in the court below in accordance with this opinion.

*Reversed and remanded.*

Delivered June 21, 1893.


Justice STEPHENS did not sit in this case.