DOWDELL et al. v. McCARDELL. (No. 48.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 24, 1917. Rehearing Denied March 28, 1917.)

1. ADVERSE POSSESSION ⬸13—TITLE BY LIMITATION—REQUISITES.

In order to establish title to land under the five-year statute of limitation, it is necessary to have a deed duly registered, possession, use, and enjoyment, and to pay all taxes.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 67–76.]

2. ADVERSE POSSESSION ⬸94—TITLE BY LIMITATION—REQUISITES.

When one holds a deed to an undivided interest in a tract of land has his deed duly registered, and has possession, use, and enjoyment of any part of the land, and claiming the same for five years under a deed duly registered, and

pays the taxes on the amount of land equal to the interest conveyed by the deed for five years, then limitation under the five-year statute will be complete, although none of the taxes on the other undivided interest have been paid.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 528, 529.]

3. ADVERSE POSSESSION ⊜⟶94 — TITLE BY LIMITATION—REQUISITES.

Where defendant took a deed to certain interests in land which was void, but took possession and paid taxes to the extent of such interest and later took a valid deed to the entire acreage and continued to pay taxes only on the amount covered by the void deed, he could not complete title under the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 528, 529.]

4. ADVERSE POSSESSION ⊜⟶108 — TITLE BY LIMITATION—REQUISITES.

A party who holds peaceable and adverse possession on land on which his improvements are situated, using, cultivating, and enjoying it for more than 10 years, can recover such land under proper pleadings to be run out so as to include his improvements, or by showing that the exact land described was a fair and equitable partition.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 624–628.]

5. ADVERSE POSSESSION ⊜⟶108 — TITLE BY LIMITATION—REQUISITES.

But where such party answered, disclaiming as to all the land sued for except a specific acreage, without showing that it was a fair and equitable partition when he was entitled only to a fractional undivided interest, his title was not established.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 624–628.]

Appeal from District Court, Liberty County; L. B. Hightower, Sr., Judge.

Action by Mrs. M. S. McCardell against Peter Dowdell and others. On plaintiff's death W. K. McCardell and others were substituted as plaintiffs. Verdict for plaintiffs in part, and defendants, save T. N. Jackson, appeal. Affirmed.

E. B. Pickett, Jr., of Liberty, and Tharp & Tharp, of Houston, for appellants. Stevens & Stevens, of Houston, and Campbell & Campbell, J. L. Manry, and Davis McCardell, all of Livingston, for appellees.

DAVIS, J. This is a suit in trespass to try title, brought by Mrs. M. S. McCardell against Peter Dowdell et al. on June 6, A. D. 1902, in the district court of Liberty county, Tex., to recover 640 acres of land out of league No. 6, J. D. Martinez grant in Liberty county. Plaintiff died during the year 1911, and on March 2, 1915, the day this case was tried, W. K. McCardell and others made themselves parties plaintiffs, and on this same day plaintiffs dismissed as to all of the defendants except T. N. Jackson, Peter Dowdell, W. S. Swilley, Wilson Mills, and E. D. Dowdell. The defendants P. M., or Peter, Dowdell, J. W., or Wilson, Mills, and T. N., or Tom, Jackson, on August 18, 1902, filed their answer together, setting up their pleas of three, five, and ten year limitation. On March 3, 1905, T. N. Jackson filed his first amended original answer alone, in which he pleaded the five-year statute of limitation to a specific 85½-acre tract. On March 3, 1905, J. W. Mills filed his first amended original answer alone, in which he pleaded the five and ten year statutes of limitation to a specific 50-acre tract. On March 2, A. D. 1915 the defendants P. M. Dowdell, J. W. Mills, W. S. Swilley, and T. N. Jackson filed their first supplemental answer, in which they adopt their former pleadings, and set up that J. W. Mills had sold the 50 acres of land described in his first amended original answer, since the filing of this suit, to E. D. Dowdell. On March 2, A. D. 1915, E. D. Dowdell filed his original answer, in which he disclaimed title to all of the land sued for, except a specific 50-acre tract, to which he pleaded the three, five, and ten year statutes of limitation, and then pleaded by way of cross-action over against plaintiffs for the 50 acres. It was agreed by all the parties to the suit that the plaintiffs had the paper title to the land sued for at the time of the filing of this suit, and should recover, unless divested by the statutes of limitation of five and ten years, in which event the legal title claimed by defendants should vest in them, respectively, to the land claimed by each. The case was tried before a jury, and the court instructed a verdict for the defendant T. N. Jackson for 85½ acres of the land sued for, and for the plaintiffs against all the defendants for the land sued for, except this 85½ acres recovered by Jackson. Defendants P. M. Dowdell, J. W. Mills, and E. D. Dowdell filed their motion for a new trial, and, which being overruled, they have brought the case to this court for revision.

Appellants urge three assignments of error, complaining of the action of the trial court in instructing a verdict against them, and which assignments, in substance, are as follows: First, because the testimony raised an issue under the ten-year statute of limitation as to the 50 acres claimed by E. D. Dowdell; second, because the testimony raised an issue under the five-year statute of limitation as to the 50 acres claimed by E. D. Dowdell; third, because the testimony raised an issue under the five-year statute of limitation as to the 640 acres claimed by P. M. Dowdell.

Defendants introduced upon the trial of the case the field notes of a 640-acre survey made by J. N. Dark for W. S. Swilley and P. M. Dowdell in January, 1895, and filed for record March 2, A. D. 1895, and being the same land claimed by defendants in this suit. On April 2, A. D. 1895, Mary Lorenz, by deed conveyed to P. M. Dowdell by metes and bounds the 640 acres claimed by defendants, and which deed was filed for record May 6, A. D. 1895. On December 22, 1900, P. M. Dowdell and his wife sold to J. W. Mills 50

acres by metes and bounds out of the southwest corner of the 640-acre tract claimed by P. M. Dowdell, and this is the same 50-acre tract, which passed by regular chain of deeds down and into E. D. Dowdell, one of the defendants. Prior to the deed from Mary Lorenz to P. M. Dowdell, dated April 2, 1895, and prior to the recording of the field notes made by Dark for Swilley and Dowdell, the said P. M. Dowdell executed a deed to W. S. Swilley, purporting to convey an undivided one-third interest in this land, and was, at the time of the execution of the deed from Mary Lorenz to him of the entire 640 acres, only claiming a two-thirds undivided interest in the land, and under which claimed interest, and not under his deed, claims to have paid all the taxes on the land claimed by him for five years. P. M. Dowdell, in November, 1891, claiming 640 acres of the Martinez league, under Mary Lorenz, went upon the same and cleared and fenced a small field, built a house and other improvements upon the land, and used, cultivated, and enjoyed the same, either himself, or through tenants, and at the same time claimed the 640 acres of land, or a two-thirds undivided interest in the 640 acres. On May 6, 1895, P. M. Dowdell placed upon the records of Liberty county the deed from Mary Lorenz, dated April 2, 1895, conveying to him by metes and bounds 640 acres of land, which covered all of his improvements, and since he placed this deed upon the records, he says that he has only been claiming a two-thirds undivided interest in the 640 acres. It appears that about the time P. M. Dowdell went upon this land that he executed a deed to W. S. Swilley to a one-third undivided interest in the land, and which deed is void for the want of description.

[1] If P. M. Dowdell has title to the land at all, it would be by virtue of the five-year statute of limitation; and, in order to establish a title to land under the five-year statute of limitation, it is necessary: First, to have a deed duly registered; second, possession, use, or enjoyment; and, third, payment of all taxes. We think the evidence in this case shows that the defendant, P. M. Dowdell, had a deed duly registered for more than five years before the institution of this suit; that he had possession of the land, and used, cultivated, and enjoyed the same for more than five years, under a deed duly registered, before the institution of this suit. Now, if he has paid the taxes on the land, as required by law, then certainly his claim under the five-year statute should have been submitted to the jury. Let us see if he has paid the taxes, as required by law. On February 22, 1896, he paid the taxes for 1895 on 440 acres. March 19, 1897, he paid the taxes for 1896 on 440 acres. January 27, 1898, he paid the taxes for 1897 on 440 acres. January 31, 1899, he paid the taxes for 1898 on 568 acres; and during the year 1897, on December 1st,

he purchased 124 acres more land out of the Martinez league, from one W. C. Belcher. January 15, 1900, he paid the taxes for the year 1899, on 568 acres. January 29, 1901, he paid the taxes for the year 1900 on 620 acres; having purchased on January 27, 1900, 133.3 acres more land out of the Martinez league from W. C. Belcher.

[2] When one holds a deed to an undivided interest in a tract of land; has his deed duly registered, and has possession, use, and enjoyment of any part of the land, and claiming the same for five years under a deed duly registered, and pays the taxes on the amount of land equal to the interest conveyed by the deed for five years, then limitation, under the five-year statute will be complete, although, none of the taxes on the other undivided interest have been paid. Club Land & Title Co. v. J. W. Wall, 99 Tex. 591, 91 S. W. 778, 122 Am. St. Rep. 666.

[3] The deed from P. M. Dowdell to W. S. Swilley was void for want of description, and conveyed nothing, and, several years after P. M. Dowdell had executed this void deed to Swilley, he had all of the 640 acres conveyed to him by Mary Lorenz, and under this deed held all of the 640 acres, and hence he could only complete the five-year statute of limitation by paying taxes on the entire 640 acres for five years; but he did not pay the taxes on all of the land claimed by him, required under the law, as reflected by the record, and his own testimony in the case; and since the claim of E. D. Dowdell under the five-year statute of limitation to the 50 acres, which is a part of the 640 acres, is based upon and coupled with the limitation claim of P. M. Dowdell under the five-year statute, E. D. Dowdell could not recover under the five-year statute of limitation. This disposes of appellants' second and third assignments of error, and we will now discuss appellants' first assignment of error. We will assume that the testimony shows that P. M. Dowdell went upon the land in controversy in November, 1891, claiming 640 acres; that he cleared and inclosed a small field, built a dwelling house, and made other improvements thereon, and used, cultivated, and enjoyed the same up to December 22, 1900, when he sold the 50 acres by metes and bounds to J. W. Mills, and that Mills, after his purchase of the 50 acres, immediately moved upon the land and held peaceable and adverse possession of the same, using, cultivating, and enjoying the same up to January 6, A. D. 1902, when this suit was filed; this 50 acres being the same 50 acres claimed by the defendant E. D. Dowdell.

[4, 5] Under this statement, as to the proof, there can be no question but what the defendant E. D. Dowdell has had and held under those through whom he claims peaceable and adverse possession of the land on which his improvements were situated, using, cultivating, and enjoying the same for more than ten years before the institution of this suit,

and under proper pleadings and proof could have recovered 50 acres of land, to be run out so as to include his improvements, or by showing that the 50 acres described in his answer was a fair and equitable partition of the land; but the defendant E. D. Dowdell filed his answer disclaiming as to all of the land sued for, except a specific 50 acres described in his answer by metes and bounds. No plea was filed by him in the alternative that if he was not entitled to recover the 50 acres described in his answer, then he have and recover 50 acres of land to be run out so as to include his improvements; nor was there either pleading or proof that the 50 acres described was a fair and equitable partition of the land. We are therefore of the opinion that the defendant E. D. Dowdell could not recover under the ten-year statute of limitation. Wickizer v. Williams, 173 S. W. 1162; Louisiana & Texas Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110.

We are therefore of the opinion that the judgment of the lower court should be affirmed, and it is so ordered.