**BROWNFIELD v. BRABSON et al.**
**(No. 1814.)**

(Court of Civil Appeals of Texas. Amarillo. May 18, 1921.)

**1. Lost instruments ⬤⟹8(1)—Possession not indispensable prerequisite to presumption of existence of deed.**

Possession is not an indispensable prerequisite to the presumption of the existence of a deed, but it is essential that the claim of title be made in some tangible form calculated to bring notice to those who are adversely affected thereby, so as to create a presumption of acquiescence in such claim by the adverse parties.

**2. Lost instruments ⬤⟹8(3)—Execution of quitclaim deed for consideration does not show acquiescence of heirs in presumed deed.**

Where plaintiffs claimed title to land under presumed existence of a deed, the giving of a quitclaim deed by heirs of alleged grantor would not tend to show any acquiescence on their part in any claim by plaintiffs if supported by a full-paid consideration.

**3. Evidence ⬤⟹87—Presumption of conveyance one of fact and not of law.**

The presumption in favor of the existence of a conveyance of land is one of fact and not of law.

**4. Trespass to try title ⬤⟹35(1)—Plaintiff confined to proof of title specially pleaded.**

Except as to title by limitation where plaintiff in trespass to try title elects to plead his title specially, he is confined to the proof of the title so pleaded.

**5. Trespass to try title ⬤⟹35(1)—Title by limitations not permissible under general allegations.**

A showing of title by limitations is not permissible under the general allegations of a petition of trespass to try title, but must be specially pleaded.

**6. Trespass to try title ⬤⟹35(1)—Presumption of execution of deed asserted under general allegation.**

The presumption of the execution of a deed may be asserted under the general allegations of a trespass to try title petition.

**7. Adverse possession ⬤⟹71(1)—Conveyance of interest held to support plea of five years' limitation as a deed and not quitclaim.**

A conveyance by grantors of all their right, title, and interest in certain described lands, followed by the habendum clause of a general warranty deed, is a deed to the land, and not a mere quitclaim of the grantor's interest, and will support a plea of five years' limitation.

**8. Adverse possession ⬤⟹80(2)—Deed must contain sufficient description to support plea of five years' limitation.**

A deed to support a plea of five years' limitation must contain such a sufficient description that it will appear from its terms or reference to other instruments of record in the chain of title that it conveys the very land in controversy, so that its registration will put the adverse party on notice that the land is thus being claimed, as an owner of land is not bound to run down references to facts outside the chain of title to ascertain the meaning of the deed.

**9. Adverse possession ⬤⟹82—Five-year statute begins to run from registration of deed.**

The five-year statute of limitations begins to run from the time of registration of the deed on which the plea is based.

**10. Adverse possession ⬤⟹93—Payment of taxes for five years held sufficient.**

Where deed was registered September 7, 1904, payment of taxes for the years 1904 to 1908, inclusive, was sufficient to sustain a plea of five-year limitations, it not being necessary to pay taxes for the year 1909.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Adverse possession ⊜⇒90—Title may be acquired to undivided interest in land.**

Title may be acquired to an undivided interest in land under the five-year statute of limitations by payment of taxes.

**12. Adverse possession ⊜⇒115(1)—Whether party claiming under five-year statute paid taxes properly held for jury.**

In trespass to try title, where a party claimed land under five-year statute, whether defendant had paid the taxes for five consecutive years as required by the statute *held* for the jury.

**13. Adverse possession ⊜⇒90—Taxes must be paid under proper description.**

It was not sufficient, under the five-year statute of limitations, that taxes were paid, where payment was made on a wrong description, so that no credit of taxes was made on the assessment of taxes against the tract of land in question, since such payment would not afford owner of legal title any notice that some one else was paying taxes on his land.

**14. Adverse possession ⊜⇒94—Payment of taxes after delinquency insufficient.**

Payment of taxes after delinquency is insufficient under the five-year statute of limitations.

Appeal from District Court, Terry County; W. P. Leslie, Special Judge.

Suit by Mollie J. Brabson and others against M. V. Brownfield. Judgment for plaintiffs, and the defendant appeals. Reversed and remanded.

Roscoe Wilson and Percy Spencer, both of Lubbock, for appellant.

G. E. Lockhart, of Tahoka, for appellees.

BOYCE, J. Mollie J. Brabson and others brought this suit against M. V. Brownfield to recover the E. ½ of survey 39, block A–1, certificate 1445, E. L. & R. R. R. Co., in Terry county, Tex. The petition was in the regular form of trespass to try title, and in addition thereto contained what plaintiffs style a "special plea," which set out the chain of title from T. C. Reade, the patentee, down to J. M. Brabson; the plaintiffs being the surviving wife and heirs of the said Brabson. It was alleged that the deed from the patentee, Reade, to Geo. T. Keith, under whom the plaintiffs claim, had been lost or destroyed; but that the plaintiffs and those under whom they claim, had claimed and asserted ownership of said land for more than 35 years, paying taxes thereon, and that such claim was made with the acquiescence of the said Reade and his heirs, so that there should be a presumption of a conveyance from the said Reade to the said Keith. The defendant answered by plea of not guilty and plea of five years' limitation; also by cross-action he sought a recovery of the land under title acquired by the five-years limitation. The appeal is from a judgment for the plaintiffs entered on a verdict return in their favor under peremptory instructions from the trial judge.

The survey, containing 640 acres of land, was patented to T. C. Reade on February 7, 1881. Geo. T. Keith conveyed the E. ½ of the survey, the land in controversy, to E. S. Rogers, on November 3, 1883. E. S. Rogers paid the taxes on 320 acres of land out of the section for the year of 1891. The taxes for the years 1882 to 1896 on 320 acres of land out of the section were paid by J. S. Daugherty after delinquency. Rogers conveyed the land to J. M. Brabson by deed dated November 17, 1896. Brabson paid taxes on the land for the years 1897 to 1911, inclusive, except for the years 1904, 1907, and 1909. The taxes for some of the years were paid before delinquency and occasionally after the taxes for one or more years had become delinquent. The plaintiffs introduced in evidence a quitclaim deed from one of the heirs of T. C. Reade, who had acquired the interest of the other heirs, whereby the grantor quitclaimed to the plaintiffs her interest in said land. This deed was executed April 20, 1915. All of the deeds referred to were properly recorded. J. M. Brabson died in 1912, and the plaintiff Mollie J. Brabson is his surviving wife and the other plaintiffs are his heirs. This suit was filed on the 18th day of October, 1916.

The defendant's plea of five years' limitation was based on a deed executed by N. M. Viser, dated November 3, 1903, and recorded in September, 1904. This deed was in the terms of a general warranty deed and the said Viser thereby conveyed to the defendant "all that certain tract or parcel of land lying and being situated in Terry county, Texas, the same being my ¾ interest in section 39, block A–1, certificate No. 1445, E. L. & R. R. R. R. Co. survey." It appears that another person, with whom Viser had no privity of title, owned the northwest quarter of the section at this time. One W. M. Viser had acquired title to the southwest quarter of the section in the year 1887, but no privity of title is shown between the said W. M. Viser and N. M. Viser. The said Brownfield paid, or attempted to pay, taxes on 480 acres of land out of the section, from 1905 to 1915. During some of these years, however, the taxes were paid on a wrong description, and some of them were paid after delinquency. We will make a fuller statement of such matters when we come to discuss the question of the sufficiency of the evidence to sustain the plea of limitations.

The disposition of the appeal under the assignments presented requires a decision of the following questions: (1) Whether the evidence is sufficient to warrant a conclusive

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

presumption of the existence of a deed of conveyance from the patentee, Reade, to Geo. T. Keith. (2) If not, could the plaintiffs, having specially pleaded their title, rely on a conveyance from the heirs of T. C. Reade, which was not pleaded? (3) Is the conveyance from Viser to Brownfield such a deed as will support the plea of five years' limitation? (4) Does the evidence show such payment of taxes as will sustain the plea? We will dispose of these questions in the order stated.

[1-3] (1) There was never any possession taken under claim of deed from Reade to Keith. The only tangible claim of title made by plaintiffs and those under whom they hold was in the registration of the deeds from Keith down to Brabson and payment of taxes by those holding under such deeds. These payments were not made regularly, and, so far as the evidence discloses, were not conclusively shown to have been paid for any five consecutive years; so that, even if possession had been taken under these deeds, the evidence would not conclusively sustain a plea of five years' limitation. Possession is not an indispensable prerequisite to the presumption of the existence of a deed, but it is essential that the claim of title be made in some tangible form calculated to bring notice to those who are adversely affected thereby, so as to create a presumption of acquiescence in such claim by the adverse parties. The circumstances of and consideration for the execution of the quitclaim deed by the heirs of Reade are not shown. So that such fact has little probative force in establishing an acquiescence on the part of such heirs in the claim of Brabson. So far as the evidence shows, the heirs of Brabson may have paid a full consideration for the rights acquired under the quitclaim, and, if such were the fact, the execution of the quitclaim deed would not tend to show any acquiescence at all on the part of the heirs of Reade. The principles of law applicable to the matter of presumptions in favor of the existence of a conveyance have been well settled by the decisions of this state, and have been recently discussed by us at some length, and we refer to a few of these authorities in lieu of a further discussion of the question here. Taylor v. Watkins, 26 Tex. 688; Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1066; Herndon v. Vick, 89 Tex. 469, 35 S. W. 143; Hutchison v. Massie, 226 S. W. 695. The presumption is one of fact and not of law, and the evidence in this case does not warrant such a conclusive presumption of the existence of such a deed as to justify a peremptory instruction in favor thereof. We need not decide whether under the evidence the plaintiffs were entitled to have the issue submitted to the jury.

[4-6] (2) "It is well settled that, except as to title by limitation, where the plaintiff elects to plead his title specially he is confined to the proof of the title so pleaded."

Molino v. Benavides, 94 Tex. 413, 60 S. W. 875; Rule v. Richards, 159 S. W. 389(8). The exception in favor of the plea of limitations is allowed because a showing of title by limitations is not permissible under the general allegations of a petition of trespass to try title, but must be specially pleaded. So that a special pleading thereof in the petition is not to be regarded as a more particular statement of what might have been shown under the general allegations, as would be true in the ordinary case of the special pleading of the title. Erp v. Tillman, 103 Tex. 574, 131 S. W. 1060, and authorities cited. We take it that the presumption of the execution of a deed by Reade could have been asserted under the general allegations of a trespass to try title petition. Buie v. Penn, 172 S. W. 549, on motion for rehearing. So that the case does not present an exception to the general rule.

[7, 8] (3) As to the third question for decision, the appellee contends that the deed from Viser to Brownfield did not purport to convey the land itself, but only the grantor's interest therein, and will not support a plea of five years' limitation. We have not thought it necessary to determine whether or not the first part of the proposition is well taken (see Roseborough v. Cook, 108 Tex. 364, 194 S. W. 131; Barksdale v. Benskin, 194 S. W. 402, writ of error granted), as we think it must be held that the conveyance is of a three-fourths interest in the land itself, and not merely the grantor's chance of title to such interest. In the case of Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850, a conveyance by the grantors of "all our right, title, and interest in" certain described lands, followed by the habendum clause of a general warranty deed, was held to be a deed to the land, and not a mere quitclaim of the grantor's interest. In Kempner v. Beaumont Lumber Co., 20 Tex. Civ. App. 307, 49 S. W. 412, the conveyance was in the form of a general warranty deed, conveying "all my right, title, and claim and interest, being an undivided one-half interest," and it was held that the instrument was a deed and not a quitclaim. In White v. Frank, 91 Tex. 66, 40 S. W. 964, it was said of similar language in a deed that—

"The words first used—'all my interest'— taken in connection with what follows, are evidently intended to define the quantity of her [the grantor's] interest, and not to limit the conveyance to such interest as she might hold in an undivided half of the lands. The grantor practically asserts that she holds an undivided one-half interest in the lands, and that she conveys that interest. It does not purport merely to release her interest in the land, whatever that interest may be."

We think this statement is properly applicable to the language of the deed under consideration. But the troublesome question

in considering the sufficiency of the deed to support the statute of limitations is whether the deed, on its face, is to be construed as conveying an undivided interest, or whether by the use of the words "my three-fourths interest" it invites the introduction of parol evidence as to the surrounding circumstances to ascertain whether an undivided three-fourths interest in the entire tract is intended to be conveyed or some particular three-fourths of the section. It is the law that a deed, to support this plea of limitation, must contain sufficient description as that it will appear from its terms, or reference to other instruments of record in the chain of title, that it conveys the very land in controversy so that its registration will put the adverse party on notice that the land is thus being claimed. Kilpatrick v. Sisneros, 23 Tex. 137; Acklin v. Paschal, 48 Tex. 176; Randolph v. Lewis, 163 S. W. 649 (opinion on motion for rehearing and authorities). The owner of the land is not bound to run down references to facts outside the chain of title to ascertain the meaning of the deed. Brokel v. McKechnie, 69 Tex. 32, 6 S. W. 623; Young v. Trahan, 43 Tex. Civ. App. 611, 97 S. W. 147. So, if the terms of this deed would convey either an undivided interest or a specific three-fourths of the land if it had been divided, and it were shown that the grantor claimed title to such divided interest, then we doubt whether it would be sufficient to sustain the plea; for, if it did not purport to convey an undivided interest in the entire section, the owners of the east half had no means of record of knowing what part of the land was intended to be conveyed by the deed. We have concluded that we should construe the instrument as a conveyance of an undivided three-fourths interest, as the language used in its natural significance is more appropriate to express that meaning, and would be really inappropriate if the intention was to convey a specific divided portion of the section. We conclude, therefore, that the deed is sufficient to sustain a plea of limitations to an undivided three-fourths of the one-half section of land in controversy.

[9-14] (4) The defendant's deed was registered on September 7, 1904, and limitations would begin to run from such time (Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513), and would be complete on September 7, 1909, if all taxes were paid by defendant as they became due during such time and the possession was sufficient. It would not have been necessary that he pay the taxes for the year 1909. Club Land & Cattle Co. v. Wall, 99 Tex. 591, 91 S. W. 778, 122 Am. St. Rep. 666. The defendant paid taxes, intending to pay them on his interest in the land, on 480 acres of land for the years 1904, 1905, 1906, 1907, and 1908. Payment of taxes on the land in such way would have been sufficient to sus-

tain the plea of limitations to an undivided three-fourths interest, therein. Dowdell v. McCardell, 193 S. W. 182; Yarbrough v. Whitman, 50 Tex. Civ. App. 391, 110 S. W. 471. The taxes for the years 1906 and 1908, however, were paid on the wrong abstract number, and J. M. Brabson appears to have paid the taxes for 1906 on the E. ½ of the section, under proper description, several months before the defendant paid taxes for such year, and the said Brabson paid taxes for the year 1908 on the same day that defendant paid the taxes. We have had some doubt as to whether, after Brabson had paid the taxes on the land on a correct description, the defendant could thereafter pay taxes on the same land, and thus bring himself within the provisions of the statute. But the Supreme Court has held that although there may have been a double payment of the taxes, yet such payment by the person claiming under limitations is sufficient. Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503. It does not appear whether the defendant rendered the land for taxes for the years 1906 and 1908, nor does it appear that the payments of taxes made by the defendant for either of those years were credited to the assessment of taxes against the land which followed the correct abstract number on the tax rolls. It does appear from the tax rolls that the taxes for 1908 on the entire section, described as abstract No. 798, certificate No. 1445, survey No. 39, E. L. & R. R. R. R. Co. grantee, 640 acres (which was the correct description of the land) were assessed to "unknown owners," and that J. M. Brabson paid taxes for that year on the E. ½ of the survey as thus assessed, and the inference is that the payment made by plaintiff on another abstract number, though correctly describing survey number, was credited on the tax rolls to another survey under the abstract number on which payment was made. The evidence would not, we think, have warranted a peremptory instruction in appellant's favor on this issue. Conn v. Houston Oil Co., 218 S. W. 139; Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026; Henning v. Wren, 32 Tex. Civ. App. 538, 75 S. W. 910. If payment was made on a wrong description so that no credit of taxes was made on the assessment of taxes against this tract of land, such payment would not have afforded J. M. Brabson any notice that some one else was paying taxes on his land. The appellant concedes that, while he intended to pay the taxes for the years 1909 and 1910, his payments were made under a mistaken description, and were credited to the assessment against other lands. This mistake was discovered in 1912, after the unpaid taxes for 1909 and 1910 had become delinquent, at which time the appellant, according to his oral testimony, paid such taxes. Payment of such taxes after de-

linquency is insufficient. Baker v. Fogle, 110 .Tex. 301, 217 S. W. 141, 219 S. W. 450. The defendant, in January of the years 1912, 1913, 1914, and 1915, paid taxes on the land for the respective preceding years; but these payments did not complete the title by limitations even if the plaintiffs were held to their claim acquired by the quitclaim deed executed in 1915. If plaintiffs sustain their claim under J. M. Brabson, limitations would be suspended for a period of one year following his death; but the title, based on a quitclaim deed from the heirs of T. O. Reade, would not be subject to this suspension. No question is raised as to the sufficiency of the possession by the defendant, Brownfield, to sustain the plea of limitations, and we have not considered such matter.

We are of the opinion, therefore, that the plaintiffs were not entitled to the peremptory instruction given in their favor; neither was the defendant entitled to a peremptory instruction on his plea of limitations, either as a defense or as supporting his cross-action. Even if the evidence was insufficient to make an issue in plaintiff's favor as to the existence of a deed from the patentee Reade to Geo. T. Keith, the justice of the case requires that we remand the cause rather than reverse and render judgment here.

The judgment of the trial court will accordingly be reversed and the cause remanded.