## BRABSON et al. v. BROWNFIELD.
### (No. 2250.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1924. Rehearing Denied March 5, 1924.)

**1. Adverse possession ⬥90—Descriptions in tax receipts and rolls held sufficient to sustain claim of limitations.**

Descriptions of land in tax receipts and rolls *held* sufficient to identify the land and sustain a claim of limitations, notwithstanding a mistake in the abstract number on two of such receipts.

**2. Adverse possession ⬥114(1)—Evidence held to establish title by limitation.**

In an action of trespass to try title, evidence *held* to establish title by limitations in defendant.

**3. Adverse possession ⬥45—Institution of suit to try title held to stay running of limitations.**

The institution of an action in trespass to try title *held* to stay the running of limitations against plaintiffs as of the time of institution, though a special pleading of a deed upon which plaintiffs relied was not filed until some time later.

**4. Trespass to try title ⬥47(3)—Recovery of undivided interest warranted under pleading of entire ownership.**

Though defendant, in an action of trespass to try title, both by defense and cross-action claims entire ownership of the land involved, he is nevertheless entitled to recover such undivided interest therein as the evidence shows him entitled to.

**5. Judgment ⬥256(1)—Judgment for plaintiffs in action of trespass to try title held supported by verdict.**

In an action of trespass to try title, an instruction to find a verdict for defendant "for the title and possession of an undivided three-fourths interest" in the land involved, "and against plaintiffs," *held* not to render a judgment for plaintiffs for the remaining one-fourth erroneous.

**6. Appeal and error ⬥1028—Correct judgment should be affirmed regardless of irregularity.**

Where a judgment in an action of trespass to try title is the only one that could rightfully have been entered on the evidence, it should be affirmed regardless of irregularity in respect to the manner of submission to the jury.

**7. Appeal and error ⬥1033(9)—Appellant cannot complain of judgment for him.**

If defendant in trespass to try title was entitled to a peremptory instruction in his favor for a three-fourths interest in the land, and the judgment was in his favor for only such interest, plaintiffs, as appellants, were not in position to complain that the court gave them judgment for the other fourth interest.

Appeal from District Court, Terry County; Clark M. Mullican, Judge.

Action by Mollie J. Brabson and others against M. V. Brownfield. Judgment for defendant, and plaintiffs appeal. Affirmed.

G. E. Lockhart, of Tahoka, for appellants.
Roscoe Wilson and Percy Spencer, both of Lubbock, for appellee.

BOYCE, J. This is the second appeal of this case. See Brownfield v. Brabson (Tex. Civ. App.) 231 S. W. 491. We adopt the preliminary statement of the case on the former appeal as it appears at page 492 of said opinion as being a substantial statement of the present record with the following exceptions:

(1) The amended petition on which the present case went to trial adds to the special pleading of plaintiff's title this statement, which did not appear in the petition before us on the other appeal:

"That in recognition of the title of said land in J. M. Brabson, the heirs of T. C. Reade, deceased, conveyed said lands to these plaintiffs by quitclaim deed, dated April 20, 1915."

Proof was offered to the effect that no consideration was paid such parties for the execution of such conveyance.

(2) On the last trial of the case the court gave a peremptory instruction to the jury to return a verdict for defendant for an undivided three-fourths interest in the land, and judgment was entered for the plaintiff for an undivided one-fourth interest and for the defendant for the other undivided three-fourths interest.

The evidence was sufficient in our opinion to warrant a finding of conveyance of the land by the patentee, Reade, to Geo. T. Keith, and acquisition of the title by plaintiffs through this source. But if the deed from Reade to Keith was not proven then the plaintiffs acquired the title through the quitclaim deed from the Reade heirs. So that, in either event, the plaintiff showed title to the land, subject to be defeated only by the five-year statute of limitations as to a three-fourths interest therein claimed by defendant Brownfield under the Viser deed. The defendant had the land inclosed and used it from some time in the year 1903 to the time of the trial. The Viser deed was recorded on September 7, 1904, and defendant attempted to pay taxes on the three-fourths interest claimed by him during all this time. But it is conceded that payment of taxes for the years 1909 and 1910 was made under such erroneous discription of the land as to be unavailable in support of the plea. Defendant claims, however, that the limitation title was complete on September 7, 1909; and, if not then, that a second period of limitation beginning with the year 1911 was complete before the filing of the suit or the filing of the amendment on which the case went to trial, on November 4, 1920. In this connec-

tion defendant contends that the institution of the suit on the 18th day of October, 1916, did not stop the running of the statute. As to the first period of limitations, plaintiffs contend that some of the payments of taxes during the years of such period were made on such erroneous description as to be unavailable. As to the second period, they contend that limitations ceased running on institution of the suit in 1916; that it was suspended for a year after the death of J. M. Brabson in 1912, and was not, therefore, complete at the time the suit was filed.

Preliminary to a statement of the facts with reference to the payment of the taxes, we will restate certain conclusions of law announced in the former opinion and which are made the basis of the defendant's right to urge the plea of limitations: (1) The Viser deed to Brownfield 's sufficient to support a plea of limitations to an undivided three-fourths interest in the land sued for by the plaintiffs. (2) The payment of the taxes for 1906 by Brabson, prior to the payment on the same land by defendant Brownfield, did not affect the running of limitations in defendant's favor over such period. The case of Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503, settles this proposition in this state though there are authorities to the contrary elsewhere. 2 C. J. pp. 207, 208, § 431. (3) Limitations began to run in defendant's favor on the recording of the Viser deed on September 7, 1904, and would be complete on September 7, 1909, if all taxes were paid by defendant as they became due prior to delinquency, and it did not require the payment of the taxes for 1909 to complete the limitation title. (4) Payment of taxes by defendant on acreage out of the section in an amount equal to his three-fourths interest would be ascribed to such undivided interest and sufficient to support limitations as to such interest.

The correct description of the survey of land is as follows: Survey No. 39, Block A1, E. L. & R. R. R. R. Company, grantee, certificate No. 1445, abstract No. 798, containing 640 acres of land in Terry county, Tex. Prior to delinquency thereof M. V. Brownfield paid to the tax collector of Terry county, Tex., the taxes on 480 acres of land, or more, out of section 39, for the years 1904, 1905, 1906, 1907, and 1908, the tax receipts delivered to him showing the payment made on the following descriptions: (1) For the year 1904, section 39, certificate 1445, E. L. & R. R. R. R. Co. grantee, abstract ———; (2) for the year 1905, description same as for the year 1904; (3) for the year 1906, section 39, certificate No. 1445, E. L. & R. R. R. R. Co., grantee, abstract No. 186; (4) for the year 1907, section 39, certificate No. 1445, abstract No. 798; (5) for the year 1908, section No. 39, certificate No. 1445, E. L. & R. R. R. R. Co., grantee, abstract No. 789.

The tax rolls for each of the said years showed the assessment of the taxes on the above descriptions, except the rolls for 1906 describes the abstract number of the section as No. 386, and the rolls for 1907 show the name of the original grantee correctly, the grantee being blank in the receipt. The rolls for each of these years show the payment of the taxes to have been made by M. V. Brownfield as owner of the acreage on which he paid. The assessor's abstract of land in Terry county shows under abstract 386 the assessment of the land for the year 1906 against M. V. Brownfield, and has this notation: "See abstract No. 798." The said assessor's abstract under abstract 798 shows the assessment of 480 acres of land out of section 39 to M. V. Brownfield, as owner for the year 1908. It was admitted on the trial that there was only one survey, No. 39, certificate No. 1445, in Terry county.

[1] We are of the opinion that the descriptions in the tax receipts and rolls as above set forth are sufficient to identify the land, and the mistake in the abstract number for the years 1906 and 1908 may be disregarded, as the other description is sufficient for identification. Wm. D. Cleveland & Sons v. Smith (Tex. Civ. App.) 156 S. W. 247 (5); Carter & Bro. v. Collins (Tex. Civ. App.) 192 S. W. 323; Sharpe v. Kellogg, 53 Tex. Civ. App. 543, 116 S. W. 402; Garza v. City of San Antonio (Tex. Civ. App.) 214 S. W. 488; 2 C. J. p. 206, § 425, and page 209, § 433.

[2, 3] We hold, therefore, that the peremptory instruction is sustained by a conclusive showing of title by limitations under the first period claimed. We would be inclined to hold against appellee on the second period claimed. We think the running of the statute was stopped by the filing of the suit in trespass to try title in 1916. The subsequent special pleading of title was only a specific pleading of the evidence to which the plaintiffs might be confined in proving up their case, but the cause of action was the same. But, even if appellee were correct in his view of the law as to this matter, the record does not sustain him, because the original petition is not in the record, and we do not know, except on appellee's statement, that it was merely a formal petition in trespass to try title. If the evidence is sufficient, as we think it is, to make an issue as to the existence of a deed from Reade to Keith, then limitations would have been suspended for a year following J. M. Brabson's death, and the second period of limitations claimed could not be complete before the filing of the suit. The judgment, however, will be affirmed on our finding as to the first period of limitations, as stated.

[4] Appellant contends that the judgment is not sustained by the pleading and the verdict. The plaintiffs sued for the east one-half of the survey. The defendant pleaded

limitations as to the entire interest, and by cross-action, sought recovery of all of section 39. The court's instruction to the jury was to find a verdict for the defendant "for the title and possession of an undivided three-fourths interest of the east one half of survey No. 39, in Block 1, certificate No. 1445, E. L. & R. R. R. R. Co., and against plaintiffs," and the verdict of the jury was in the words of the charge. The judgment is for the plaintiffs for a one-fourth interest in the east one-half of the survey and for the defendants for a three-fourths interest. Al-, though defendant claimed, both in defense and in his cross-action, the entire ownership of the land, such pleading entitled him to recover such undivided interest as the evidence might show that he owned. Williams v. Davis, 56 Tex. 250; Grothaus v. De Lopez, 57 Tex. 670, 673; Browder v. Clemens, 61 Tex. 587, 588.

[5-7] Appellant further says that no judgment could be entered, on the verdict, for the plaintiffs for the one-fourth interest that was awarded them. When the court told the jury to find for the defendant for a "three-fourths interest in the land," and against the plaintiffs, it was implied, we think, that the finding against the plaintiffs was not general, but only as to the three-fourths interest for which the jury were told to find for defendant. It was evidently the intention of the court to have the jury dispose by its verdict only of the three-fourths interest. Whether, under the circumstances, it should be said that it was implied thereby that plaintiffs were to recover the other one-fourth interest, or whether the court had the right technically to dispose of the issue as to the remaining one-fourth interest, we need not decide. The judgment entered was the only one that could rightfully have been entered on the evidence, and should be affirmed, whatever irregularity there may have been in respect to this manner of submission to the jury. If the defendants were entitled to a peremptory instruction in their favor for a three-fourths interest in the land, and the judgment was in his favor for only such interest, the plaintiffs are not in position to complain that the court gave them judgment for the other one-fourth interest.

Affirmed.