RAMIREZ et al. v. GARZA et al.    (No. 7280.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1925. Rehearing Denied March 11, 1925.)

1. Appeal and error ⬅═931(6)—Presumed that trial court disregarded incompetent evidence admitted.

Admission by trial judge sitting as jury of all testimony whether objected to or not necessitates assumption by Court of Civil Appeals that judgment was based on testimony legally admissible, and supported thereby.

2. Executors and administrators ⬅═380(1)—Heirs, whether minors or not, held not entitled to recover estate land sold to discharge liens on estate property, without first returning consideration received.

Where estate land was sold to discharge valid liens on the estate property, and the proceeds were so applied, the heirs, whether minors or not, could not recover the property without first tendering the entire purchase money received, with lawful interest, notwithstanding the sale may have been void or voidable for want of jurisdiction in the proceedings authorizing it.

3. Deeds ⬅═114(4)—Deed insufficient to describe particular fractional interest held to convey undivided fractional interest.

Deed attempting to convey fractional interest by description insufficient to describe such particular fractional interest held to convey undivided fractional interest.

4. Adverse possession ⬅═100(2)—Registration of deed seeking to convey particular fractional interest, but in fact conveying undivided fractional interest, held notice grantee's possession was coextensive with grant.

Registration of deed seeking to convey one-fourth interest, but in fact conveying undivided one-fourth interest, held notice that grantee's possession was coextensive with grant.

5. Adverse possession ⬅═81—Deed to undivided interest held to support limitation.

Deed to undivided interest describing quantity of land and extent of undivided interest conveyed, so as to identify it, will support limitation.

6. Adverse possession ⬅═100(1)—Actual possession of grantee of portion of undivided fractional interest conveyed held to extend to whole undivided fractional interest.

Actual possession of grantee of portion of undivided one-fourth interest conveyed held to extend by construction under five years' statute of limitation to the written boundaries, that is, to the whole undivided one-fourth interest, in view of nature of his possession, taxes paid and things done.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Gumersindo Ramirez and others against Antonio Garza and others. From the judgment rendered, plaintiffs appeal;

defendants assigning cross-error. Reversed and remanded.

Hicks, Hicks, Dickson & Bobbitt, of Laredo, and R. D. Wright, of San Antonio, for appellants.

A. C. Hamilton and S. T. Phelps, both of Laredo, for appellees.

COBBS, J. This suit was filed to partition certain land situated in Webb county, being porcion No. 4, containing 7,111 acres of land, more or less. Appellants claim to be the owners of 1,525 acres undivided in said porcion in addition to an undivided 640 acres of said porcion to which their title was undisputed. It was agreed in the trial court that Modesto Garza owned 1,525 acres undivided interest in said porcion prior to his death, which occurred February 9, 1881. He devised his property to his two grandsons Luis and Pamfilo Gonzales, minors. Appellants claim title by purchase from the substituted testamentary executor of the estate of Modesto Garza, and from the legal guardian of the said two minor children. Appellants also claimed possession and title by virtue of the statute of limitation of five and ten years and stale demand. Appellants are heirs of Geronimo Garcia, who purchased the land from the executor and guardian. Appellees claim title as heirs of Luis and Pamfilo Gonzales, the grandsons of Modesto Garza.

The cause was tried on June 11, 1924, without a jury; judgment was rendered first upon the agreement between plaintiffs and defendants of date November 5, 1923, then that appellants have 640 acres undivided interest, and in addition thereto a recovery from interveners of 521 acres to which the court held appellants had established title under the ten years' statute of limitations, and that appellees have judgment for an undivided interest of 1,004 acres, being the amount claimed by them, 1,525 acres, less the 521 acres awarded to appellants under the ten-year statute of limitations. This cause was, by reason of the agreement of all parties save appellants and appellees, limited to a trial of the issue as to whom belonged an undivided interest of 1,525 acres in the porcion. Appellees claimed 1,525 acres, undivided, in said porcion as the heirs of Luis and Pamfilo Gonzales, who were children of San Juana Gonzales, a daughter of Modesto Garza, whom it was agreed owned 1,525 acres out of said porcion, the amount being based on the theory that the porcion contained 7,111 acres of land.

[1] The trial court admitted all testimony offered, regardless of objections thereto, reserving to himself the prerogative to reject inadmissible testimony in his final consideration of the case in reaching a judgment.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wherefore, in discussing this case and analyzing the testimony in the record, we must consider that the trial court, in order to reach the judgment rendered, considered only such testimony as was legally admissible, and found all facts necessary to sustain that judgment. The trial court found that the appellants owned in common with the other plaintiffs and defendants in the suit 640 acres of land. In their brief, on pages 30 and 31, appellants set forth that this undivided interest of 640 acres was acquired by Geronimo Garcia, the ancestor and source of title of appellants, by two deeds; one from Jesusa Garcia and husband, dated March 19, 1890, filed September 8, 1890, and the other from Jose Nieves Garza, dated March 13, 1888, and filed March 15, 1889. No contention is made by appellees that these two deeds did not convey good title to the undivided interest of 640 acres, but they simply wish to point out that at the time these deeds were taken the ancestor of appellants had had no other deed for a period of ten years. The trial court found that the Mexican deed, which was never filed or recorded in Texas until the pendency of this suit, was inoperative to convey real estate in Texas, and that the facts surrounding its execution and attempted to be brought home as notice to appellees, as well as other testimony offered, did not estop them from claiming their inheritance of 1,525 acres in the porcion. The trial court held that the deed from Benigno Saenz and Narcisco Gonzales to Geronimo Garcia, dated February 21, 1881, and recorded in Zapata county, Tex., conveyed no land. The trial court found that the appellants were the owners by ten years' limitation of three tracts of land out of the porcion aggregating 521 acres and described by metes and bounds in the judgment, charging this acreage against the 1,525 acres found to be owned by appellees, leaving the latter with an undivided interest of 1,004 acres.

Appellants' first proposition attacks the ruling of the trial court in holding that the deeds under which appellants hold title from the executor and guardian of Luis and Pamfilo Gonzales were void and passed no title, the undisputed facts showing an express and implied adoption and ratification of said sale by said minors after they arrived at majority; that a direct benefit resulted from such sale to the estate by reason of the fact that the money paid for the conveyances was used to discharge liens against the estate; that after such sale appellees lived within 15 miles of said property and asserted no claim or ownership and paid no taxes; that Geronimo Garcia and his heirs continued in adverse possession thereof, made permanent and valuable improvements on the land, asserted claim thereto, and paid all taxes for a period of 40 years; and that it would be inequitable to permit appellees to recover the land, because they do not attempt to do equity by tendering or offering to refund or pay to appellants the consideration paid for the land that went to discharge incumbrances against the estate, which inured to their benefit.

[2] This assignment is on the very border of multifariousness. The sale of the land was made by the substitute executor and guardian for the purpose of realizing funds with which to discharge valid liens on property belonging to the estate, and when applied to that purpose, whether they are minors or not, they cannot recover the property without returning the consideration received.

See opinion on motion for rehearing, in case of John A. Bitter v. County of Bexar, decided by this court Nov. 19, 1924, not yet [officially] published, 266 S. W. 224. Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Halsey v. Jones, 86 Tex. 488, 25 S. W. 696; Donaldson v. Meyer (Tex. Com. App.) 261 S. W. 369; Ry. Co. v. Blakeney, 73 Tex. 180, 11 S. W. 174; Harrison v. Ilgner, 74 Tex. 86, 11 S. W. 1054; Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 383.

Whether such sales were void for any purpose, on account of the sale of property of estates of decedents, homesteads, minors, or want of power in the court, or otherwise, courts of equity estop such claimants from recovering the property, unless the entire purchase money received, with lawful interest. is first tendered and refused. When a sale of property is made for the payment of debts, or for distribution, though the proceedings are void for want of jurisdiction or otherwise, and the money is applied to debts of the decedent's estate or is distributed to the heirs, and though the sale may not pass title at law, the purchaser nevertheless acquires such a right or interest that will be recognized in a court of equity, as an equitable title that will compel the heirs to elect a ratification or rescission of the contract of purchase and do equity. It would be unconscionable for the heirs to hold the land and the money too, thus reaping the benefits and fruits of the purchaser's payment of money appropriated to discharge debts of the estate. When they keep the money they ratify the sale. They cannot keep both.

Estoppel operates as well when the sale is voidable as when it is void. Deford v. Mercer, 24 Iowa, 118, 92 Am. Dec. 460; Smith v. Warden, 19 Pa. 424; Stafford v. Harris, 82 Tex. 178, 17 S. W. 530; Ryan v. Maxey, 43 Tex. 192.

[3, 4] The deed executed and recorded in Zapata in 1881 undertook to convey unto Geronimo Garcia a fourth interest in the porcion, and had the legal effect of conveying an undivided one-fourth interest, and the registration of this deed was notice that

the possession of Geronimo Garcia was a one-fourth undivided interest in the whole. Brownfield v. Brabson (Tex. Civ. App.) 231 S. W. 491; Id. (Tex. Civ. App.) 259 S. W. 251; Dohoney v. Womack, 1 Tex. Civ. App. 354, 19 S. W. 883, 20 S. W. 950; Slack v. Dawes, 3 Tex. Civ. App. 520,. 22 S. W. 1053. This deed calls for 450 varas front on the Rio Grande river, and runs back 20,000 varas to the back line. That alone cannot be held to give a specific description of the definite land and is no more a description of a particular one-fourth interest of the land than that the 450 varas on the river is a particular description of of the whole porcion. An effort to state the quantity of the land in the porcion would not destroy the description. Slack v. Dawes, supra.

The deed is good on its face, and there is no testimony that the land could not be found and identified. The description is as follows:

On February 21, 1881, Benigno Saenz and Narcisco Gonzales executed a deed to Geronimo Garcia describing the land as follows:

"One-fourth (¼) interest in all that tract of land known as porcion No. four (4) in the ancient jurisdiction of Guerero, originally deeded to Santiago de Cuellar by the King of Spain in the year of our Lord 1784 and from him descended in direct line to us, being and lying in the county of Zapata and state of Texas.

"Said tract contains four hundred and fifty varas front on the Rio Grande and runs back 20,000 varas to the back line."

This deed was duly acknowledged and was recorded in Zapata county, 22d of February, 1881.

See Puckett v. McDaniel, 8 Tex. Civ. App. 630, 28 S. W. 360; McBurney v. Knox (Tex. Civ. App.) 259 S. W. 667; Bitner v. Land Co., 67 Tex. 342, 3 S. W. 301; Harris v. Shafer, 86 Tex. 319, 23 S. W. 979, 24 S. W. 263.

[5] Appellants insist that the payment of taxes will be held referable to the undivided interest, and that a deed to an undivided interest will support limitation. That is true where the deed itself describes the quantity of the land and the extent of the undivided interest conveyed, so as to identify it. In the case of Martinez v. Bruni, 235 S. W. 549, the Commission of Appeals held such a deed could not be the basis of limitation where the deed did not disclose the quantity of land, and the deed under discussion here does disclose the quantity. Dowdell v. McCardell (Tex. Civ. App.) 193 S. W. 182; Yarbrough v. Whitman, 50 Tex. Civ. App. 391, 110 S. W. 471; Brownfield v. Brabson (Tex. Civ. App.) 231 S. W. 494; Id. (Tex. Civ. App.) 259 S. W. 251.

[6] There is evidence of adverse possession by Geronimo Garcia from 1881 to 1908, with payment of all taxes to his claim to an undivided interest in the porcion, and we suppose the court took that view and gave judgment only for 521 acres inclosed within the fence. But the same testimony entitled appellants to a judgment for the whole, because the possession of Geronimo Garcia extended by construction, under the five years' statute of limitation, to his written boundaries, to an undivided one-fourth interest in the porcion, because he was in actual possession of a portion thereof, using and claiming it as the law provides. His entry under his deed was hostile and adverse to the whole world. He paid taxes on his claimed land and caused the surveyor to cut out a sendero or road through the brush so as to partition his land from those other three-fourths. He claimed at that time 2,380 acres, being one-fourth of the porcion, and 640 acres additional.

Appellee files one cross-assignment, which is headed "Second Cross-Assignment of Error," and discusses it under his argument under the third proposition, as follows:

"We submit that at the time appellants purchased from certain tenants in common in porcion 4 the 640-acre undivided interest therein, as is agreed is evidenced by the deeds set forth in the brief for appellants on pages 30 and 31 and filed in Zapata county September 8, 1890, and March 15, 1889, they had acquired no title by limitation to any part of the land."

In our discussion of this case we have considered the question raised and passed on it, and do not think it presents any merit.

For the reasons stated, we think the trial judge erred in the judgment and the cause is reversed, and remanded for a new trial.

Reversed and remanded.