**GUTIERREZ et ux. v. RODRIGUEZ.**
No. 10678.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 14, 1940.

H. B. Galbraith, of Brownsville, for plaintiffs in error.

C. C. Bryant, of Harlingen, for defendant in error.

NORVELL, Justice.

This is an action of trespass to try title involving an undivided interest in and to part of Tract 217 of Share 143, of the Ojo de Agua Grant, Cameron County, Texas, as partitioned by decree entered in cause No. 2935, by the District Court of Cameron County, Texas.

Francisco Gutierrez and wife brought suit against Cristobal Rodriguez for the recovery of the real property involved; their petition being in the statutory form of trespass to try title. Rodriguez pleaded not guilty and, by way of reconvention,

specially pleaded his title, which rests upon a money judgment rendered in favor of Rodriguez against Francisco Gutierrez by the Cameron County Court at Law in Cause No. 6288, the writ of execution issued upon said judgment, and the levy and sheriff's sale had under the execution.

■ Trial was to the court, which rendered judgment for Rodriguez. Gutierrez and wife bring the case here by writ of error. The parties will be designated as in the trial court. No findings of fact or conclusions of law were requested of the trial court, so that here it will be presumed that all facts supported by the evidence were found by said court in favor of the judgment.

The sole question involved is that of the legal sufficiency of the description contained in the sheriff's levy, notice of sale, and sheriff's deed, which followed the judgment in Cause No. 6288, above mentioned.

■ Plaintiffs' attack upon the proceedings relating to the sale is collateral rather than direct. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596. Many of plaintiffs' contentions relating to the inadequacy of the price paid at the sheriff's sale and kindred matters are therefore not applicable here.

The description contained in the sheriff's levy, notice of sale and deed, is as follows: "The undivided interest of Francisco L. Gutierrez, in Share II, as set aside to him in the decree in Cause No. 2935, in the District Court of Cameron County, Texas, (103rd Judicial District) said share being the North 100 acres of the 350 acres undivided tract included in Agua Dulce Farms Subdivision of Cameron County, Texas, and all being in Abstract 27 Vicente Hinojosa, East of the Barreda Subdivision in said Cameron County, Texas."

■ The ambiguity, if any, present in the above description is not patent as distinguished from latent. 14 Tex.Jur. 995; Slack v. Dawes, 3 Tex.Civ.App. 520, 22 S.W. 1053.

The description contained in the partition decree (Cause No. 2935) was as follows:

"Share No. 143.

"To Tiburcio Flores Garza, * * * Francisco Gutierrez and Tomasa C. Gutierrez, his wife, * * * and Juan Trevino, in the undivided proportionate parts hereinafter stated, the following described lands:

"Tract 217: Containing 100 acres of land, more or less, in Cameron County, Texas, out of the Ojo de Agua Tract, shown on Map No. 2, hereto attached, and made part of this judgment and decree, same being the north 100 acres of a 350 acre tract shown unsubdivided on the map of Agua Dulce Farms, recorded in Book 7, page 7, of the Map records of Cameron County, Texas, which said north 100 acres was set apart to Tiburcio Flores Garza and others as the heirs of Pladido Flores, deceased by deed of partition between Browne Land & Cattle Company and others, dated December 20, 1926, and recorded in Book 155, p. 580, of the Deed Records of Cameron County, Texas, referred to as Share No. 11 in said partition, this tract being described by the metes and bounds thereof as follows: (Here follows metes and bounds description).

"This tract 217 is adjudged to the above named owners in the following proportionate amounts stated in acres:

"Francisco Gutierrez and Tomasa C. Gutierrez, his wife, (Community property) ......................... 36.56 acres."

The ambiguity in the description contained in the sheriff's deed when compared with the description of the partition decree is the reference to Share 11 (or Share II, Roman numerals, a possible construction) rather than to Share 143, Tract 217. The reference in the decree of partition to Share 11 of a prior partition tends to explain the reference to Share "II" in the sheriff's deed. It is necessary to refer to the decree in Cause No. 2935 to develop the ambiguity, and reference to that judgment in effect contributes to the destruction of the ambiguity. The description in the sheriff's levy, notice and deed contains a reference to lands awarded to Francisco Gutierrez by decree entered in Cause No. 2935. In the case of Slaughter v. City of Dallas, 101 Tex. 315, 107 S.W. 48, involving a tax foreclosure sale, it was held that reference to the ownership of a lot or tract of land made it possible to definitely ascertain the particular property involved and that the rule, "That is certain which can be made certain" applied.

■ Applying this rule to the facts presented here, it will be seen that the trial court properly received extrinsic evidence for identification purposes. 14 Tex.Jur. 992.

The description in the sheriff's levy, notice and deed, taken with the description in the decree referred to, and the extrinsic evidence properly admitted by the trial court, leave no doubt as to the identity of the real property involved, and the judgment of the trial court is accordingly affirmed.